Fred ROACH, Appellant,

v.

The STATE of Texas, Appellee.

No. 39155.

Court of Criminal Appeals of Texas.

Feb. 2, 1966.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Harryette Bercu and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced by reason of two prior convictions for felonies less than capital, life imprisonment.

The state's testimony shows that the prosecuting witness, W. M. Gardner, was the manager of a drive-in grocery store located at 3415 Oak Lawn Avenue in the city of Dallas. On February 19, 1965, Gardner left the store at 5 p. m., being relieved by an employee, Curley Washington. At 9 p. m., Washington closed the place and locked all doors. The following day when Gardner returned to the store at 5:30 a. m., he discovered that the building had been broken into and the place burglarized. Entry had been gained into the building through a window in a storeroom at the rear of the building. The window, which had been covered with plywood and mesh wire, was completely torn out. Inside the building a hole had also been broken through a wall between the storeroom and the main part of the building. Some fifteen cartons of cigarettes and other items, including lotion, shaving cream, razor blades, and chewing gum were missing from the building. In the investigation, by the officers, of the burglary, a button and a piece of cloth were found on a shelf to the left of the hole which had been made in the wall of the storeroom, inside the building.

It was further shown that at approximately 4:20 a. m. on the morning of February 20, 1965, Officers Vestal and Prichard, while on patrol in the 3100 block of Oakland Street, observed a man standing in "the shadows" of an alley. At such time, the man, according to Officer Vestal, was "adjusting his clothes or putting something

into them * * * running his hands along on the inside of his clothes," and, in the absence of the jury, he further stated that the man "was lingering around up in between the buildings and up in the alley, in the dark."

The officers proceeded to make a U-turn and when they returned to the location the man was out in the street on the sidewalk. Officer Vestal got out of the patrol car and then went to the man, who was identified as the appellant, and searched him. In the search, ten bottles of shaving cream, some razor blades, matches, and a pair of yellow gloves were found in appellant's pockets. After being searched, appellant was taken to the police car and left in custody of Officer Prichard. Officer Vestal then proceeded to the location where he had seen appellant standing in the alley by the side of the building, and there found two burlap bags full of cigarettes, shaving lotion, and cigars. Appellant stated at the scene that he had found the merchandise by the side of the building and had taken it out of the sacks and was going to try to sell it. He was then taken to the police station. At such time he was wearing a blue plaid cotton shirt which had several torn places on it, including a pocket that was torn and a piece gone from inside.

It was shown that certain scientific tests were made, in the city-county criminal investigation laboratory of Dallas County, of the shirt worn by appellant and the piece of material found near the hole in the wall inside the store which was burglarized, to determine if the two materials were identical. Lieutenant Floyd Alexander, whose qualifications as an expert were shown, testified that he made the various tests including microscopic, thread count and twist, and expressed his opinion that the piece of scrap material came from the pocket of appellant's shirt. The witness further stated that the piece of material fit into the hole inside the pocket of the shirt which was torn.

Proof was made of the two prior convictions alleged for enhancement.

Testifying as a witness in his own behalf, appellant stated that on the morning in question, while on his way to a cafe, he saw the two sacks in the alley by the building; that he took some razor blades, lotion, and other items from one of them. He further stated that when the officers took his shirt at police headquarters the pocket was not torn.

The issue of appellant's guilt was submitted to the jury upon a charge on the law of circumstantial evidence.

Appellant insists that the court erred in admitting in evidence the fruits of an illegal search.

It is the state's position that the search of appellant was made incident to a lawful arrest authorized by Section 37–5 of the Revised Code of Civil and Criminal Ordinances of the City of Dallas, which was introduced in evidence.

The ordinance enacted by the city of Dallas under the authority of Article 214, Vernon's Ann.C.C.P., authorizes all policemen in the city to arrest without warrant any person found in suspicious places or circumstances reasonably tending to show that such person has been guilty of some felony or is about to commit some offense against the laws of the state or ordinances of the city.

■ We conclude that the circumstances under which appellant was observed, by the officers, standing in the alley at 4:20 a. m., were such as to authorize his arrest under the ordinance, without a warrant. Ringo v. State, 161 Tex.Cr.R. 93, 275 S.W.2d 121.

It is insisted that the evidence is insufficient to sustain the conviction.

■ We find the evidence sufficient. The proof shows a burglary of the building on the night in question. The scientific tests and comparison made of appellant's shirt and the piece of material found in

the burglarized building are sufficient to warrant a finding that appellant broke into and entered the building.

 Fingerprints of an accused, which necessarily must have been made at the time of a burglary, have been held sufficient to sustain a conviction without further evidence of identification. Grice v. State 142 Tex.Cr.R. 4, 151 S.W.2d 211.

The facts and circumstances shown in the instant case are sufficient to exclude every other reasonable hypothesis except that of appellant's guilt and to warrant his conviction upon circumstantial evidence.

The judgment is affirmed.

Opinion approved by the court.