John David HAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41630.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 5, 1969.

Behan & Leech, Grand Prairie, for appellant.

Stanley Kirk, Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment, four years.

Grounds of error Nos. three, four, five and six complain of the admission in evidence of a sample of mud taken from the accelerator and brake pedals of the truck, a string found in the truck, and the results of an analysis and comparison of two mud samples and two strings, for the reason that they were obtained as the result of an illegal arrest and search; and that the chain of custody of said objects had not been proved.

The testimony of Detectives Waters and Taylor of the Dallas Police Department, reveals that on June 5, 1967, they were informed of the loss of a quantity of spark plugs in a burglary in Wichita Falls on the night of June 4–5, with a Hertz van-type rental truck seen at the location at the time of the burglary; that upon checking with the Hertz truck rental department in Dallas about 11 a. m., June 5, they were told that Hertz had only one such truck out on a temporary rental basis from the Mockingbird station and obtained its license number; that they were also told at Hertz's office before the arrest that the parties who rented the truck on Sunday, June 4, had left a Cadillac there over Sunday night and they had determined the identity of the owner of the Cadillac; that they obtained a copy of the rental agreement to John David Hay; that the person renting out the truck told them it was yellow, and gave them a description of the person to whom he rented the truck; that upon travelling about fifteen blocks after leaving Hertz's office they met a yellow Hertz rental truck bearing the same license number given to them, driven by a young man with light hair; that they turned and after following the driver, who was alone, for about three minutes he made an illegal turn on the road and they stopped him about 4:15 p. m., two blocks from the Hertz rental department, for making an illegal turn and on the basis of the information they had.

A search was made of the appellant and the truck at the scene of the arrest and there was another search of the appellant at the city hall and of the truck at the

pound. Mud was seen on the accelerator and brake pedals of the Hertz truck while it was being driven to the pound. Upon arrival at the pound, the driver (Officer Howe) removed the mud, placed it in a brown envelope, marked it for identification and placed it in the evidence room in the city hall.

■ The arrest of the appellant for a traffic offense without a warrant was valid. Further, the facts and circumstances in evidence were sufficient to constitute probable cause and authorized the arrest of the appellant and the search of his person. The search of the appellant and the truck was authorized as incident to his arrest and on probable cause, and the seizure of the articles named was not unlawful. Taylor v. State, Tex.Cr.App., 421 S.W.2d 403. The evidence sufficiently traces the chain of custody of the articles seized and authorized their admission in evidence. Grounds of error Nos. three, four, five, and six are overruled.

■ The first ground urged as error is that the trial court refused to withdraw from the consideration of the jury the following testimony of the witness Spangler:

"I was wondering why that truck was back there.

\* \* \* \* \* \*
"I said to myself, he looks familiar."

No objection was made or motion to withdraw at the time this testimony was adduced. This ground of error is overruled.

The second ground of error is that the trial court admitted over appellant's objection and later refused to remove from the jury, Spangler's testimony concerning the uniqueness of the string.

This testimony was introduced without objection, However, the trial court in the main charge instructed the jury not to consider it. No error is presented.

■ In ground of error No. seven, the appellant complains of the admission of a registration receipt from a motel in Wichita Falls showing June 4, as the date of arrival for the reason that it was obtained from him as the result of an illegal arrest and search. While testifying, the operator of said motel identified the appellant as the same person signing a registration card on the afternoon of June 4, 1967. Testifying in his own behalf, the appellant admitted checking into said motel in Wichita Falls about 3 p. m., June 4, 1967. The ground of error is overruled. Further, the admission of the registration receipt was not error for the reasons given in overruling grounds of error Nos. three, four, and five.

■ The ninth ground of error asserts that the trial court erred in permitting the officers to testify about the contents of a small book which they had, but returned to the appellant. The portion of the book complained of reads: "There's a guard or watchman, checks the building two nights— two times each night, Monday through Friday." The officer's testimony reveals that they removed the small book which contained the quoted matter from the appellant on his first arrest which they returned to him before his release; and that he was later arrested. No error is presented.

■ The twelfth ground urges that the trial court erred in commenting upon the testimony of Gary Booth. This matter arose as follows:

"Q Is that the Cadillac that you and the Defendant drove up here when you went out to United Electric about June the 1st or 2nd of 1967?

"Mr. Leech: Object to that as not being predicated on any testimony in this case.

"The Court: Sustain the objection.

"Q All right, several days before June the 4th, 1967, is that the Cadillac that you and the defendant came up here to Wichita Falls in?

"Mr. Leech: I object to that as not being predicated on any evidence in this case.

"This Court: Objection overruled.

"Mr. Leech: Your Honor, with all due respect to the court, I think that man said several weeks before that. (Referring to prior testimony)

"The Court: He said several days.

"Mr. Leech: Note our exception.

We object to the comment by the court on the testimony.

"Q Is that the same Cadillac you came up here (Wichita Falls) in?

"A Yes, sir.

    \*    \*    \*    \*    \*    \*

"Q Now this defendant was with you then, wasn't he?

"A Yes, sir.

"Q Have you ever seen that ticket before, that Texaco original invoice, being State's Exhibit Number 30?

"A Have I ever seen it before?

"Q Yes. It is dated June the 1st, 1967. In other words, you remember stopping at a Decatur Service Station coming down here or going back that day?

"A No.

"Q You wouldn't say you all didn't stop there and buy gasoline, would you?

"A No.

"Q What day did you all come down here or come up here from Dallas several days prior to June the 4th, 1967?

"A I don't remember.

"Q Can you remember if it was a Monday, Tuesday, Wednesday, Thursday, Friday or Saturday?

"A No, I don't."

M. H. Spangler, an employee of United Electric whose building was burglarized on June 4, testified in part as follows:

"Q Have you ever seen the defendant in this case, John David Hay, before?

"A Yes, sir.

"Q Do you recall about when the first time you saw him was?

"A A few days before June the 4th.

"Q Was this defendant, when you first saw him, by himself or with someone?

"A There was two of them."

It is undisputed that Booth and the appellant had previously been together in a yellow Cadillac in Wichita Falls. No error is presented.

■ Two other grounds of error complain of the court's charge to the jury. They have been reviewed and do not reveal error.

As a witness in his own behalf, the appellant testified that he rented the Hertz truck in question about 12:30 p. m., June 4, 1967, with which to deliver a load of whiskey and beer to Jacksboro; that when he was unable to deliver the whiskey and beer he went on to Wichita Falls where he met Gary Booth; that the next day, June 5, he returned in the Hertz truck to Dallas but had disposed of the whiskey and beer before his arrest within a short distance of Hertz's office. The appellant denied any connection with or knowledge of the alleged burglary in this case.

The judgment is affirmed.