**Daniel SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41827.**

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Rehearing Denied April 9, 1969.

Murray J. Howze, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marijuana; the punishment, six years.

The indictment, returned October 20, 1967, alleged that appellant unlawfully possessed marijuana on or about October 15, 1967.

Trial was on May 6, 1968, before the court on a plea of not guilty, appellant having also filed application for probation.

The sole ground of error set forth in appellant's brief is: "The search of appellant was an illegal search and illegal seizure, and without warrant or probable cause, and the alleged marijuana obtained and introduced in evidence over objection was inadmissible, flowing as it did from the illegal search, and the court committed error in admitting same over objection."

The evidence offered by the state includes the following.

Sgt. Leon Roberts, of the Texas Highway Patrol, overheard a radio conversation between one of his department's patrol units, a Deputy Sheriff and a Border Patrol Unit, and started looking for that type of vehicle. He saw the tail lights of a vehicle and then a white station wagon parked at the side of a motor freight warehouse in Fort Stockton. This was at about 1:30 A.M.

As he turned the corner he saw two men hurrying to get in the station wagon. As he drove up behind it the men started to drive off in the station wagon and he stopped them. He got out of his vehicle and, as he went to the driver's side, asked the men what they were doing around the warehouse at that time in the morning. Neither answered.

The officer recognized appellant as the other occupant of the station wagon and asked him to come around to the side of the vehicle where he was searching the driver, Porros, to see if he had any type of weapon on him.

As appellant came around the station wagon the officer started to search him, "to see if he had a weapon or anything on him that might harm me." He felt something in appellant's pocket that felt like paper and as he put his hand in the pocket appellant said "Oh, don't do that," and threw the package over the station wagon.

At this time Chief Deputy Sheriff Jim Sullivan approached and, at Sgt. Roberts' request, picked up the package which contained marijuana.

The warehouse was shown to have contained merchandise and one window was out.

Deputy Sheriff Sullivan's testimony corroborated the testimony of Sgt. Roberts.

The undisputed evidence is that the officers had no search warrant or warrant for the arrest of appellant or Porros.

Art. 14.03 Vernon's Ann.C.C.P. (1965) as amended by the 60th Legislature (1967) p. 1735, reads:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

We are in accord with the state's contention that the arrest or detention of appellant and his companion was authorized under said statute and that the evidence was not inadmissible for want of a warrant.

The judgment is affirmed.

DOUGLAS, J., not participating.