**Oliver Buckner BOWLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41942.

Court of Criminal Appeals of Texas.

March 19, 1969.

Rehearing Denied ·April 23, 1969.

Grady Hight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Gordon Gray and John Howze, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is robbery; the punishment, twelve years.

It is contended that the trial court erred in failing to suppress the evidence of the search of the appellant.

While A. L. Sprinkle was operating a Fina service station on the Mansfield Highway between 2 and 3 a. m., November 21, 1967, he was robbed by two men whose faces he was unable to see. The two robbers took about three hundred dollars in money, a metal box, a cigar box, Sprinkle's billfold containing a receipt for a pair of boots which he had purchased, and a Fina credit card belonging to Charles W. Rivers.

About 1:45 a. m., November 21, 1967, the appellant and Billy Joe Crouch were driven by Delbert Everett Richards (who testified as a witness for the state) out on the Mansfield Highway where they stopped. Richards remained in the car when appellant and Crouch left saying they would be back in a few minutes, but he did not see or know where they went. They soon returned carrying a metal box and a cigar box, and on their way to downtown Fort Worth the two boxes were thrown from the car, and Crouch, who was in the rear seat, put some money (change) in Richards' hat which was on the front seat between Richards and the appellant.

About 3 a. m., Officer Langley saw Richards commit a traffic violation and then enter and park on a parking lot. The witness Richards testified that after committing the traffic violation he parked on the parking lot, and that appellant was in the front seat and Crouch was in the rear seat. Langley observed the three men and gave the dispatcher his location and the license number of the car. During this time the appellant went to a nearby hotel and soon returned. When Langley approached the car, the dome light was on and he saw in plain view a hatfull of money (change) on the front seat between Richards and the appellant. At this time appellant voluntarily got out of the car and Langley could see license plates within plain sight in the front. Langley took the license plates out, called the police dispatcher and learned that the plates belonged to the car the three men were in. The appellant was searched at the scene and again at the police station, where among other things a billfold was taken

from him, marked for identification, placed in a sack, then stapled and placed in the property room.

■ The traffic violation, committed before Richards of his own accord stopped the car on the parking lot, the hat containing money and the license plates which were in open view in the car under the facts and circumstances at the time were sufficient to constitute probable cause for the arrest of the appellant and his companions without a warrant and authorized the search of their persons as incident to their arrest. Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Gutierrez v. State, Tex.Cr.App., 422 S.W.2d 467. The motion to suppress was properly overruled.

Error is urged in the admission in evidence of the Fina credit card found in the shirt pocket of Crouch, appellant's companion, on the ground that it is not shown to have any connection with the appellant.

■ The evidence reveals that a Fina credit card in the name of Charles W. Rivers was in the metal box in the service station when it was taken in the robbery. Officer Cashion testified that he searched Crouch immediately after his arrest which was at the time of the arrest of the appellant and Richards, and that he found a Fina credit card in the name of Charles W. Rivers in Crouch's shirt pocket. The owner of the service station identified the Fina credit card at the trial as the one taken in the robbery of his station. In light of the concerted action of Crouch and the appellant in and following the robbery and their actions together until their arrest, the admission of the credit card in evidence was not error.

It is insisted that the trial court erred in admitting in evidence a receipt for the purchase of a pair of boots by A. L. Sprinkle on the ground that it had not been connected with the appellant.

The appellant told the arresting officers that his name was Sam Deneese and he was booked under that name at the city jail.

When the appellant was searched at the city jail, all of the property including a billfold which was found on him was placed in a manila envelope which was closed and stapled, and his name and the contents were placed on it, and it was placed in the jail property room. The appellant and his property envelope, which was closed and stapled with the name Sam Deneese on it were delivered to Officer Williams who transferred them to the Forest Hills Police Department where the envelope still stapled was placed in the safe.

The testimony of Officer Dunwoody who had custody of the records in the records division of the Fort Worth Police Department, who had before him the arrest and disposition cards (which were introduced in evidence) of one Sam Deneese who was booked on November 21, 1967, and later transferred to Forest Hills Police Department supports the above summary pertaining to Deneese in Fort Worth.

C. W. Lightfoot, jail release officer of the Fort Worth Police Department, testified that on the transfer of a prisoner to another officer that his property envelope was opened, contents checked in the prisoner's and the officer's presence, then it was repacked, stapled, signed by the prisoner, and handed to the officer receiving him. Lightfoot testified that the records reveal that he released Sam Deneese and his property at 11:20 a. m., November 21, 1967, to Forest Hills officers, and that the record card bears the signature of Sam Deneese acknowledging receipt of his property and the card also bears his thumb print.

While testifying, Officer Williams identified the appellant as one of three men he picked up in Fort Worth; that he was present when the jail release officer released the property envelopes and saw appellant sign the name Sam Deneese and put his thumb print on the property card, and then the property envelope was delivered to him (Williams) and he placed it in the safe at the Forest Hills Police Department. The only property envelopes in the safe belonged to the appellant, Richards and Crouch. After the appellant was taken before a magistrate and warned of his rights, the property envelope was taken from the safe and opened in the presence of the appellant. The appellant was also present when he (Williams) took a billfold from the envelope and took a receipt from it which was introduced in evidence. The witness, Sprinkle, identified the receipt as the one for a pair of boots which he had in his billfold which was taken in the robbery of the Fina service station on November 21, 1967.

■ The evidence sufficiently traces the chain of custody of the receipt to authorize its admission in evidence. No error is shown.

The failure of the trial court to charge affirmatively concerning appellant's explanation of recently stolen property is urged as a ground of error.

The appellant did not testify, but called his co-defendant who testified that there was a piece of paper on the floorboard of the car when they were arrested which the appellant picked up and tried to give to Officer Cashion but he did not know if he took it and he never saw it again. Crouch further testified that he did not have a Fina credit card in his pocket, and that the first time he saw it was when it was found on the floor at the Forest Hills Police Station. It appears that the appellant relies upon this testimony to support his request for the above charge.

■ It is concluded that the evidence fails to raise any issue requiring the submission of the requested charge. Its refusal was not error.

■ It is contended that the trial court erred in failing to grant a mistrial on two occasions when the Fort Worth Star Telegram printed articles to the effect that appellant's witnesses had been convicted of crimes when in truth and in fact said convictions were not final.

No showing is made that any juror read or knew about the newspaper articles complained of. In the absence of any evidence to support his contention, nothing is presented for review.

The judgment is affirmed.