**Isaac James CARTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42252.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Nov. 5, 1969.

---

**748**

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and J. R. Musslewhite, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

The State's evidence reflects that on November 3, 1967, at approximately 1 p. m., T. H. Stegent, a laundry route delivery man, made a home call to one of his customers in Harris County, Texas. When no one responded to his knock at the front door, Stegent turned to leave only to come face to face with a .22 caliber rifle held to his head by the appellant. Stegent was then threatened and pushed by the appellant to the back of the house where he was twice struck in the head with the butt end of the rifle which caused him to fall to the ground. Thereafter appellant took all the change Stegent had as well as his wallet containing approximately $60.00. Pushing Stegent's face into the grass appellant departed stating "Stay there or I will kill you." After several minutes Stegent crossed the street and summoned the police. Several stitches were required to close the wounds in his head.

The appellant did not testify before the jury and called only one witness, his mother, in an attempt to establish an alibi. The jury by their verdict rejected appellant's defense.

In his first ground of error appellant contends the trial court erred in admitting into evidence, over objection, a .22 caliber rifle butt (stock) and barrel which he alleges was the product of an illegal search and seizure.

Nine days after the robbery (November 12, 1967) Sheriff's Deputies Hunter

and Coney were on patrol in the Acres Home area, a residential neighborhood. After dark at approximately 7:40 p. m., Deputy Hunter's attention was attracted by the barking of some dogs behind a fence. Hunter then observed appellant hiding or standing behind a telephone pole near a cyclone fence with something bulky in his hand. After shining a light on the appellant Officer Hunter saw that appellant held a wooden butt of a rifle in his hand.

Upon approaching, Hunter observed that the appellant had something concealed under his shirt which extended into his britches. After being arrested a search produced a rifle barrel under appellant's clothing.

■ Under the circumstances described, we conclude the officers were authorized to arrest appellant without a warrant under the terms of Article 14.03, V.A.C.C.P., as amended 1967. The search of appellant's person incident to that warrantless arrest was clearly authorized and the fruits thereof admissible in evidence. See Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Roach v. State, Tex.Cr.App., 398 S.W.2d 560; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826; Laube v. State, Tex.Cr.App., 417 S.W.2d 288.

Certainly a police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. "Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, 935.

In the case at bar there can be little question that the officer had reasonable grounds to believe that the appellant was armed and dangerous. Further, the nature and scope of the search was not shown to be more than a search for weapons which was approved in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, where the officer had reasonable grounds to believe the appellant was armed and dangerous.

Ground of error #1 is overruled.

Next, appellant contends the court erred in overruling the motion to suppress his oral confession and admitting the same into evidence. More specifically, he contends the State failed to demonstrate that he voluntarily and intelligently waived his right to counsel at the time of interrogation, his right to remain silent, etc.

The record reflects that on the night of his arrest on November 12, 1967, appellant was taken before a magistrate and advised that he was charged with the offense of "rudely displaying a firearm." He was then fully warned as required by Article 15.17, V.A.C.C.P.

The next evening, following a lineup conducted with appellant's consent, appellant was interrogated by Deputy Sheriff Dechman. Prior to such interrogation as to the instant offense, Dechman gave the appellant the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Dechman testified that thereafter the appellant who appeared to understand everything he said waived his constitutional rights. Shortly after the interrogation commenced the appellant admitted his guilt of the instant offense and led Deputy Dechman to the spot where he had disposed of the complaining witness' wallet which was recovered. Until such time, the location of the wallet was unknown to the police.

In the absence of the jury the court conducted a separate hearing on the admissibility and voluntariness of the oral confession. At such hearing the appellant, while testifying, admitted he had been fully warned in accordance with Article 15.17, V.A.C.C.P., the night of his arrest. Immediately thereafter the following trans-

pired on direct examination of the appellant:

> "Q. Was the only warning you were ever given on a rudely displaying firearms case?
>
> "A. Yes, sir.
>
> "Q. If you had known you were being charged with robbery, would you have waived all of these rights?
>
> "A. No, sir.
>
> "Q. The only reason you waived all your rights in connection with your right to an attorney at all stages of the proceedings was because you were charged only with the offense of rudely displaying firearms, a misdemeanor offense?
>
> "A. Yes, sir."

It is not clear from the record just when the 20-year-old appellant who had been previously convicted of a felony contends he waived all such rights. He offered no testimony as to his interrogation by Deputy Dechman. Essentially, the testimony of Dechman was undisputed.

Following the separate hearing the trial court found that the oral confession leading to the fruits of the crime was freely and voluntarily given after proper warnings by Officer Dechman had been given and after appellant had intelligently waived his rights. The record amply supports such finding. This is particularly true when the totality of the circumstances is considered as to waiver. McCandless v. State, Tex.Cr.App., 425 S.W.2d 636; Hill v. State, Tex.Cr.App., 429 S.W.2d 481; Gonzales v. State, Tex.Cr.App., 429 S.W.2d 882.

█ Nothing in the record would support a finding that this appellant was threatened, tricked or cajoled into a waiver, nor does there appear to be any question of physical or psychological coercion. Neither is there any claim or showing of incommunicado incarceration which would

mitigate against the finding of a valid waiver. The oral confession leading to the fruits of the crime was clearly admissible. See Robinson v. State, Tex.Cr.App., 441 S.W.2d 855.

Further, the appellant never sought to have the issue of the confession's voluntariness submitted to the jury. Huggins v. State, Tex.Cr.App., 426 S.W.2d 855; Brown v. State, Tex.Cr.App., 443 S.W.2d 261 (July 16, 1969). In fact, the appellant objected to the court charging on the issue of voluntariness and such objection was honored.

Ground of error #2 is overruled.

The judgment is affirmed.