**Ronald James OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42899.**

Court of Criminal Appeals of Texas.

May 27, 1970.

Philip S. Greene, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor A. Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is unlawfully carrying a pistol; the punishment, 181 days in jail.

The appellant contends the trial court erred in admitting in evidence the pistol because it was seized by the police officers during an illegal search of the appellant's person.

Officer J. F. Kilty of the Houston Police Department testified that he and Officer G. R. Hake were on patrol when they stopped the appellant for a routine driver's license check. When Kilty asked the appellant for his driver's license, the appellant stated that he had no driver's license. Kilty then asked the appellant to step from his vehicle back to the patrol car. Immediately after he stepped from his .vehicle, the appellant became very nervous and acted as if he was scared, and he put his left hand in his coat pocket and told Kilty he had a pistol in that pocket. Kilty then told the appellant to take his hand out of his pocket and he would get the gun out himself. The pistol with two bullets in the clip and one· in the chamber was at that time taken from the appellant. The appellant was placed in the patrol car and taken to the police station.

Officer Kilty's testimony was substantially the same as that of Officer Hake.

Article 6687b, Sec. 13, Vernon's Ann.T.C.S., provides in part:

"Every person shall have an operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. * * * Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section."

Police officers of an incorporated city, town or village are peace officers. Art. 2.-12, Vernon's Ann.C.C.P.

After having stopped the appellant under the authority of Article 6687b, Sec. 13, supra, and the appellant's stating that .he had a pistol in his pocket, Officer Kilty was under a duty to arrest the appellant imposed by Article 487, Vernon's Ann.P.C., which provides:

"Any person violating any article of this chapter may be arrested without warrant by any peace officer and carried before the nearest justice of the peace. Any peace officer who shall fail or refuse to arrest such person on his own

knowledge, or upon information from some reliable person, shall be fined not exceeding five hundred dollars."

■ The seizure of the pistol and the arrest of the appellant being contemporaneous, the trial court did not err in admitting the pistol in evidence. Buick v. United States, 9 Cir., 396 F.2d 912; Sepulvado v. State, 164 Tex.Cr.R. 345, 299 S.W.2d 144.

In addition, after Officer Kilty had discovered that the appellant did not have a driver's license in his possession, he was authorized to arrest the appellant without a warrant by Article 6701d, Sec. 153, V.A.T.C.S., which provides: "Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act."

■ After the appellant's spontaneous admission that he had a pistol in his pocket in which his hand was placed, the officer was entitled to search the person of the appellant in order to protect himself from a person who was armed and potentially dangerous. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

■ Next, the appellant contends that Article 6687b, Sec. 13, supra, which allows the infringement of the movements of a person in order to determine if he has a valid driver's license when no crime has been committed for which an arrest could be made is unconstitutional in that it violates the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sec. 13, Texas Constitution, Vernon's Ann.St.

In discussing the constitutionality of Article 6687b, Sec. 13, supra, the Fifth Circuit in Myricks v. United States, 370 F.2d 901, stated:

"It must recognize, therefore, that Texas has a legitimate interest in the road-worthiness of automobiles which transport, but which can maim and kill. Cf. Ford Motor Co. v. Mathis, 5 Cir.,

1963, 322 F.2d 267, 3 A.L.R.3d 1002. This comprehends both technical fitness of the driver and the mechanical fitness of the machine. After the event it is always too late. The State can practice preventative therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness. That this requires a momentary stopping of the traveling citizen is not fatal. Nor is it because the inspection may produce the irrefutable proof that the law has just been violated. The purpose of the check is to determine the present, not the past: is the car, is the driver now fit for further driving? In the accommodation of society's needs to the basic right of citizens to be free from disruption of unrestricted travel by police officers stopping cars in the hopes of uncovering the evidence of non-traffic crimes, cf. Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Clay v. United States, 5 Cir., 1956, 239 F.2d 196; Clay v. United States, 5 Cir., 1957, 246 F.2d 298, cert. denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69; Rios v. United States, 1960, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, the stopping for road checks is reasonable and therefore acceptable. Likewise, an arrest is proper if the check reveals a current violation which by its nature must have been taking place in the immediate past."

The appellant's ground of error is overruled.

In final ground of error the appellant contends that the trial court erred in not instructing the jury to acquit the appellant in that the appellant established a legal defense which was not impeached or rebutted by the state.

By his own testimony and the testimony of two witnesses the appellant sought to establish as a defense that at the time he was stopped he was en route to return the pistol which he had previously borrowed. The trial court in its charge instructed the jury that if they believed that the appellant

was returning the pistol from a place where it had been stored to the home of its owner then the jury would find the appellant not guilty.

The testimony of the appellant and Officer Kilty was in conflict in that the appellant testified that there were three bullets in the clip and none in the chamber of the pistol while Kilty testified there were two bullets in the clip and one in the chamber. Also, there was a conflict in the testimony of the appellant and the owner of the pistol who testified for the appellant concerning the best route for the appellant to have taken to the owner's house.

In a pistol case when the state presents a prima facie case a question for the jury is presented, it is not error for the trial court to fail to instruct the jury to acquit the appellant. The jury may accept or reject any part or all of the testimony given by state or defense witnesses. 2 Branch 2d 477, Sec. 984; 61 Tex.Jur.2d 59, Sec. 38.

The ground of error is overruled.

The judgment is affirmed.

MORRISON and ONION, JJ., concur in the result.