**Charles Rudolph PACE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43401.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 13, 1971.

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, ten years.

The appellant contends that the trial court erred in admitting in evidence the marihuana found in his automobile over his objection that it was obtained as the result of an illegal search and seizure.

The evidence reveals that Officer Stroud of the Dallas Police Department about 11 p. m., while at Gaston Avenue at Hall Street observed a red Pontiac run a red traffic light while it was going north on Hall Street; that the Pontiac had a loud muffler and was travelling at an excessive rate of speed. Stroud pursued and used the red lights on his car to stop the Pontiac and identified the appellant at the trial as the driver of the Pontiac. When the appellant stopped, he immediately left his car and walked briskly toward Stroud's car until Stroud asked him to stop. The appellant exhibited his driver's license, appeared very nervous, and told Stroud he was driving the car and was alone in the car. Stroud asked appellant to step upon the curb out of the traffic lane. Appellant continued to be nervous and seemed to get more so as they talked. On a search of appellant by Stroud for his own protection, as Stroud testified, no weapons were found. As Stroud began walking toward appellant's car, the appellant followed him but stopped and stepped back to the police car at Stroud's request. When Stroud started walking again to appellant's car, the appellant again followed Stroud. Appellant was still nervous as he again followed Stroud. Stroud concluded that from the appellant's actions and conduct he was trying to keep Stroud away from his car and was acting as if there was something in his car that he didn't want Stroud to see or find. When Stroud asked appellant the second time to step back to Stroud's car, the appellant did so. But when Stroud again started to appellant's car, the appellant began following him again. At this time Stroud placed appellant in the police squad car and closed the door. Stroud concluded that there was something that appellant did not want him to see or find in his car.

In the unlocked glove compartment of appellant's car Stroud found an Ohio Blue Tip matchbox and a package of cigarette wrapping paper. In the matchbox Stroud found a green vegetable-like substance which appeared to be marihuana. When Stroud found the matchbox and the cigarette wrappings, he discovered that appellant was looking over his shoulder while standing about two feet behind him. As Stroud opened the matchbox, the appellant attempted to take the matchbox away from him. Stroud placed the matchbox in his trouser pocket to prevent him from getting

it. Stroud then subdued the appellant and placed him back in the squad car.

At this time Stroud radioed for assistance and Officer Newton arrived in about three minutes.

Upon arrival of Officer Newton, the officers advised appellant of his constitutional rights.

On a further search of appellant's car, the officers found a cellophane wrapper in the trunk of the car which contained another Ohio Blue Tip matchbox which contained a larger quantity of the vegetable-like substance than was found in the matchbox in the glove compartment.

The appellant was taken immediately to the police department where he was "booked" for running a red traffic light, using a loud muffler, and a violation of the State Narcotics Law.

The testimony of a chemist who analyzed the substances contained in the two matchboxes introduced in evidence reveals that it was marihuana, a narcotic drug, and that the quantity was sufficient to make ten or fifteen cigarettes.

The appellant did not testify or offer any evidence in his behalf at the guilt stage of the trial.

Outside the presence of the jury Stroud testified that because of the nature of the appellant's conduct he searched the appellant's automobile looking for weapons which could have been injurious to him.

The facts and circumstances as shown by the evidence were sufficient to authorize the arrest of the appellant without a warrant and to show probable cause for the search of the automobile which resulted in the finding of marihuana in the trunk.

The arrest of the appellant being valid, the search incident to his arrest which resulted in the finding of marihuana in the glove compartment of the car was authorized. Lane v. State, Tex.Cr.App., 424 S. W.2d 925, certiorari denied, 392 U.S. 929, 88 S.Ct. 2270, 20 L.Ed.2d 1387; Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857.

The admission of the marihuana into evidence, under the record, was not error.

The judgment is affirmed.

MORRISON, Judge (dissenting).

This officer's suspicions do not spell probable cause to me. I respectfully dissent.