Robert Earl BRECKENRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43341.

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Jack K. Allen, Tyler, for appellant.

Robert F. Bartlett, Dist. Atty., Canton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The punishment was assessed by the jury at eighteen years.

The record reflects that at approximately 9:30 at night Highway Patrolmen Martin and Williams noted that their radar indicator showed an approaching automobile being driven at eighty-four miles an hour. A red light facing the automobile was turned on, but the automobile drove by. The officers gave chase for approximately a mile and a quarter before the automobile stopped.

When the patrolmen got out of their vehicle, appellant got out of his and approached Officer Martin. Officer Williams observed a passenger in appellant's automobile bending over and "moving about." Williams then walked up and opened the door of the automobile and saw two or three inches of the barrel of a shotgun sticking out from under the front seat. He asked Allen, the passenger, to get out, and Williams then got the sawed off shotgun.

The officer then searched the automobile for more weapons. In the glove compartment he found a cellophane bag and under the front seat he found another cellophane bag and both contained what he thought to be marihuana.

The following morning Patrolman Martin made a further search of appellant's impounded automobile and found a cellophane package of marihuana in a coat pocket, a package of marihuana in the dome light, and a package under the dash.

It was shown by a chemist of the Texas Department of Public Safety that the packages contained approximately seventy grams of marihuana.

The only complaint based upon an objection found in the record is that the original search of the automobile was illegal and that the results of the search were inadmissible.

The Supreme Court of the United States in Cooper v. California, 386 U.S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730, and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, held that the issue of the validity of a search is to be determined by the reasonableness thereof based on all of the circumstances.

When Patrolman Williams saw the passenger bending over and moving about he was authorized to investigate for his own protection. When he saw the sawed off shotgun, he was then warranted in making a complete search of the automobile.

In Taylor v. State, Tex.Cr.App., 421 S. W.2d 403, this Court held:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for physical evidence."

See also Pace v. State, Tex.Cr.App., 461 S.W.2d 409, and the cases there cited.

Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L.Ed.2d 685, relied upon by appellant, is not applicable. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419, footnote 8, where the Supreme Court stated:

"Nothing said last term in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), purported to modify or affect the rationale of Carroll. As the Court noted:

" 'Our holding today is of course entirely consistent with the recognized prin-

ciple that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll v. United States, 267 U. S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543; see Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.' 395 U.S., at 764 n. 9, 89 S.Ct. at 2034."

We conclude that the evidence was seized incident to a lawful arrest and search.

The judgment is affirmed.