William J. **WALLACE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43443.

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Rehearing Denied March 24, 1971.

Second Rehearing Denied May 12, 1971.

Cutler & Epps by Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Charles Campbell, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawfully carrying a pistol with the punishment assessed at 30 days in jail.

The sole question presented by this appeal concerns the legality of the warrantless search of appellant's automobile following his arrest for a traffic offense. The search resulted in the discovery of a .45 caliber pistol in the unlocked glove compartment of the motor vehicle.

The record reflects that on December 26, 1969, at approximately 9:25 p. m. Houston police officers Syphrett and Davis observed the appellant driving a 1966 Oldsmobile at a "high rate of speed going south" on Cullen Boulevard in one of the highest crime areas in the city of Houston. As the appellant was going in the opposite direction the officers turned to follow him. Appellant, still "travelling at a high rate of speed—turned off behind a beer joint and

made the block" despite the red light the officers had "on him." Such action at night in that area "looked awfully suspicious" to the officers. At approximately the 6400 block of Cullen Boulevard the appellant was finally stopped and started getting out of the Oldsmobile without being requested to do so. It was then discovered that the appellant, who had been drinking, did not have a driver's license. He was arrested for such violation. Contemporaneously Officer Syphrett began a search and found the fully loaded pistol in the closed but unlocked glove compartment of the Oldsmobile. Appellant's person was then searched.

When asked if he had reasons to search the vehicle other than the fact that the appellant had no operator's license Officer Syphrett answered, "the suspicious circumstances surrounding him * * * Traveling fast and turning off before we could stop him, the whole situation * * *."

And when asked on cross-examination if he had "any probable cause to suspect this man of having a pistol in his car" his answer was, "Yes, sir."

Appellant concedes that the officers made a valid arrest for a traffic offense without a warrant but contends that a search of the automobile incident to that arrest alone was unreasonable. He contends the officers had no prior knowledge of him, no information that a crime had been committed, and did not suspect him of carrying contraband or a pistol and did not see any such items in or outside the motor vehicle, and that he did not give the officers any "sass" or difficulty at the scene of the arrest. He points to the testimony of the arresting officer that "as a habit" he always searched a vehicle after finding the driver had no operator's license, though the officer later qualified the answer by saying he always did search "that late at night."

At the outset the State contends the appellant introduced evidence at the trial on the merits which established his guilt and that he is in no position to complain of the admissibility of other evidence of his guilt, which is merely cumulative. Reliance is had upon McCaine v. State, Tex.Cr.App., 211 S.W.2d 190; Garza v. State, Tex.Cr. App., 397 S.W.2d 847; Smith v. State, 450 S.W.2d 618; 5 Tex.Jur.2d, Sec. 446, at page 708.

■ The State points out that at the trial before the court evidence of the discovery of the pistol was admitted without objection (see Hobbs v. State, Tex.Cr. App., 407 S.W.2d 791) and that the appellant subsequently offered into evidence the record on the hearing on the pre-trial motion to suppress which contained testimony of his guilt. It is true that a defendant cannot complain of the improper admission of testimony which he later voluntarily offers himself and expounds upon. Baity v. State, Tex.Cr.App., 455 S.W.2d 305, 309; Cook v. State, Tex.Cr.App., 409 S.W.2d 857. See also Brown v. State, Tex.Cr. App., 457 S.W.2d 917.

We need not rest, however, our decision upon such claim of the prosecution.

Article 6687b, Sec. 13, Vernon's Tex. Civ.St., provides in part:

"Every person shall have an operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. * * * Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section."

The constitutionality of Article 6687b, Sec. 13, supra, has been upheld. Oliver v. State, Tex.Cr.App., 455 S.W.2d 291; Myricks v. United States, 5th Cir., 370 F.2d 901. And in Mendoza v. United States, 5th Cir., 365 F.2d 268, it was held that under Texas law a police officer making an arrest for making an improper turn or for

failure to display a proper driver's license has choice of taking the driver before a magistrate, issuing a written notice to appear or invoking any other appropriate procedure of arrest. See also Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

■ Still further, it is well settled that when an officer sees a person violating a traffic law, he is authorized to stop him and incident to that arrest to search his person. Ciulla v. State, 434 S.W.2d 948 (Tex.Civ.App.) and cases there cited.

Appellant apparently recognizes such rule but contends the search here was not limited to his person but was extended to the automobile he was driving absent any special circumstances which would have justified or rendered the same reasonable. See Amador-Gonzalez v. United States, 5th Cir., 391 F.2d 308; Grundstrom v. Beto, D.C., 273 F.Supp. 912.

Appellant makes little or no attempt to distinguish his case from earlier Texas cases which seemingly, without more, authorized the search of an automobile incident to a traffic arrest and the admissibility of evidence of contraband or a pistol found during the course of such search. See Soileau v. State, 156 Tex.Cr.R. 544, 244 S.W.2d 224; Minor v. State, Tex.Cr. App., 219 S.W.2d 467; Brown v. State, 159 Tex.Cr.R. 306, 263 S.W.2d 261; Lane v. State, Tex.Cr.App., 424 S.W.2d 925; Adair v. State, Tex.Cr.App., 427 S.W.2d 67 (in which this writer dissented).

Appellant does claim this is not a situation where after the initial traffic arrest the officer during the course of the investigation sees evidence of a criminal violation in open view or in some manner acquires probable cause on a more serious charge and arrests the accused for that offense and incident thereto conducts an additional search for physical evidence of the subsequently discovered offense. See Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

And he further claims the search involved cannot be justified after a traffic arrest under the so-called totality of the circumstances approach to such cases. He cites Adair v. State, supra; Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857; Hay v. State, Tex.Cr.App., 436 S.W.2d 153; Denham v. State, Tex.Cr.App., 428 S.W.2d 814 and Bowling v. State, Tex.Cr.App., 438 S.W.2d 930.

■ We cannot agree. Here the officers patrolling at night in a high crime area see the appellant speeding. They turn to follow with their vehicle's red light on. The appellant then takes evasive action to avoid apprehension. When he is stopped he immediately leaves his vehicle before being requested to do so and the officers then learn the appellant has no driver's license. While the evidence was not developed as well as it might have been,[1] we conclude the circumstance sufficient for the officers to assume they were dealing with something more than a traffic violator and to have been justified in the search of the appellant's automobile. An "officer should be permitted to take every reasonable precaution to safeguard his life in the process of making an arrest." State v. Riley, 240 Or. 521, 402 P.2d 741. We conclude the officers had reasonable grounds, under the facts described and the totality of the circumstances, to search for weapons or like material which would constitute a danger to their lives or which might be used to facilitate escape. See Breckenridge v. State, Tex.Cr.App., 460 S.W.2d 907.

Still further, Article 14.03, V.A.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

---

1. The traffic and lighting conditions at the scene of the arrest were not described, nor is it clear from the record if the appellant was alone.

See also Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Carter v. State, Tex.Cr. App., 445 S.W.2d 747; Sanchez v. State, Tex.Cr.App., 438 S.W.2d 563; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826; Roach v. State, Tex.Cr.App., 398 S.W.2d 560; Laube v. State, Tex.Cr.App., 417 S.W.2d 288; Denham v. State, Tex.Cr. App., 428 S.W.2d 814, upholding searches incident to arrest under such statute or its forerunner.

The judgment is affirmed.

### ON MOTION FOR REHEARING

Rehearing denied.

MORRISON, Judge (dissenting).

I recognize now that I should have been more alert and should have dissented when the original opinion in this case was written. I must do so now even though somewhat belatedly. My dissent in Lane v. State, Tex.Cr.App., 424 S.W.2d 925 is consistent with my dissent here. See also the dissents in Adair v. State, Tex.Cr.App., 427 S.W.2d 67 and Pace v. State, Tex.Cr. App., 461 S.W.2d 409.

From a closer examination of the record it appears that counsel took the position from the beginning that the fruits of the search were inadmissible. He so contended at the hearing on the motion to suppress and during the trial. Counsel was intent on preserving his error and for that purpose incorporated the evidence heard at the motion to suppress at the time of the trial. I am now convinced that there was no waiver as to the merits. When two officers approach an automobile and one engages the driver in conversation while the other begins to search the automobile and nothing more has occurred than appears in the record here, an unlawful search has taken place. A re-examination of the arresting officer's testimony convinces me that he was not acting to protect his own safety but was proceeding routinely in what he thought was a valid search. While it might be proper to uphold a simi-lar search where the record indicates that the officer's reason for making the search was for his own safety, this record clearly shows that, although the officer had many reasons why he made the search, fear for his own safety was not one of them.

My brethren overrule the motion for rehearing without written opinion, and for the reasons stated, I dissent.