Amos JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43659.

Court of Criminal Appeals of Texas.

April 20, 1971.

Rehearing Denied June 2, 1971.

William H. Shields, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery with firearms. The jury was qualified on the death penalty; punishment was assessed at 99 years.

The first ground of error is appellant's contention that his in-court identification was tainted by pretrial viewing of pictures by witness Mary Berdine.

The record reflects that at approximately 2:30 P.M. on August 29, 1967, the Market Liquor Store in Dallas was robbed by two men. The owner, Vance R. Fuller, was shot, stabbed five times, hit over the head with bottles, one finger was broken, and he was then tied up. The assailants took his money, four transistor radios, a gas pellet gun, a .38 Smith & Wesson gun and "two or three bottles of whiskey." His injuries necessitated "thirty days" hospitalization.

Witness Fuller could not identify the men but gave a general description of them. Mary Berdine was "right across the street" from the store and she made positive identification of the appellant and Johnny Mack Brown as the robbers.

During a hearing, out of the presence of the jury, the following is revealed by the record:

"Q. (By Mr. Hendley, the prosecutor) Mary, I want you to look around the Courtroom and see if you see either one of those boys sitting here that you saw go into the store and come out of it.

"A. Yes.

"Q. Will you point him out, please?

"A. The gentleman down on the end.

"Q. All right. Now, after this occurred, did you have an occasion to view some pictures that were presented to you by a person who represented himself to be a Dallas Police Officer?

"A. Yes.

"Q. All right. How many pictures did he show you?

"A. Some five or six.

"Q. All right. And did you see anybody among those pictures that you knew?

"A. Yes, I seen some there that I had seen.

"Q. All right. Did you see pictures there of the two boys that went in that liquor store?

"A. Yes.

"Q. All right. Did you point them out to the police officers at that time?

"A. I did.

"Q. Before you identified the pictures, did the police officers tell you anything?

"A. No.

"Q. Did you know that these two had been arrested for this?

"A. I sure didn't, I just heard someone else say that they had.

"Q. So when you identified them, what did the police tell you?

"A. He says those were the right boys.

"Q. He told you after you had identified them that those were the ones?

"A. Yes.

"Q. All right. Are you basing your— what are you basing your identification of this Defendant on here today?

"A. What I saw.

"Q. What you saw at the liquor store?

"A. At the liquor store.

"Q. All right. And your pointing those pictures out was simply identifying them for the police; is that correct?

"A. Yes."

The trial court found: "This witness has convinced me beyond a reasonable doubt that she has identified that man (appellant) on the basis of her having seen him in the flesh at some other point of time."

Relying on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, appellant contends that viewing "the relatively few pictures" with the statement by the officer that "those were the right boys," was impermissibly suggestive.

In Simmons v. United States, supra, the court stated:

" * * * [c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973 [18 L.Ed.2d 1199], and with decisions of other courts on the question of identification by photograph."

■ The officer should not have stated "those were the right boys." However, there is no showing that any *prior* suggestion was made; in fact, the evidence is that

there was not. The evidence was sufficient to support the trial court's finding that the in-court identification was of independent origin. See Daniels v. State, Tex.Cr.App., 464 S.W.2d 368; Smith v. State, Tex.Cr. App., 459 S.W.2d 642; Grundstrom v. State, Tex.Cr.App., 456 S.W.2d 92; Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Bowman v. State, Tex.Cr.App., 446 S.W.2d 320; Evans v. State, Tex.Cr.App., 444 S.W. 2d 641.

We perceive no error.

Next, appellant contends that insufficient probable cause existed for the search of his person and the trial court committed reversible error by admitting the fruits of said search into evidence.

Officer Sam O. Sorsby (a Dallas Police Officer for 9 years) testified that on the date in question he was at a location approximately seven blocks south and three blocks east of the scene of the robbery; that he had a conversation with a person after which he called the Dallas Police Dispatcher's office to "ascertain if there had been a robbery committed in the vicinity." He then "saw a man running across the street * * * approximately one hundred feet * * * south of the intersection." The officer identified the appellant as the man he saw and was asked to "describe the clothing that he had on, the best you recall?"

"A. He had on a light gold colored shirt and brown pants.

"Q. All right. Will you describe the condition they were in?

"A. The shirt was torn and there was a considerable amount of what appeared to be blood on the shirt and pants.

"Q. All right. And what did you do as he ran toward the store there or the club?

"A. I called to him to stop and at the same time I grabbed him by the seat of his pants.

"Q. You say you grabbed him by the seat of his pants?

"A. Yes.

"Q. Tell the Court and jury what you determined as you grabbed him by the seat of his pants.

"A. I felt an object in his left hip pocket that felt like a pistol.

"Q. The outline of a pistol?

"A. Yes."

A hearing was then held outside the presence of the jury and the testimony developed that the officer had been informed by a bus passenger of two men wearing torn and bloody clothing who had come to the vicinity of a bus with a sack containing a large amount of whiskey and cigarettes; that he stopped appellant's dash across the street by grasping him by the seat of his pants; that as he did so he felt the outline of a pistol in appellant's hip pocket; and that he then handcuffed appellant and conducted the search of his person. The trial judge specifically found that there was probable cause for the arrest.

Under the information shown to be in the possession of the officer, he was empowered to arrest appellant without a warrant for the offense of "jaywalking". Art. 14.01(b) Vernon's Ann.C.C.P. See Bowling v. State, Tex.Cr.App., 438 S.W.2d 930; Hay v. State, Tex.Cr.App., 436 S.W.2d 153. His accidental acquisition of the information that appellant was carrying a pistol authorized his arrest for that offense. Byrd v. State, Tex.Cr.App., 447 S.W.2d 936; Branch v. State, Tex.Cr.App., 447 S. W.2d 932. The officer was also authorized, under Articles 14.03 or 14.04 Vernon's Ann. C.C.P., to arrest appellant without a warrant, having probable cause to believe that a robbery had been committed by him and that he was about to escape. The search of appellant's person incident thereto was authorized and the fruits thereof were admissible into evidence. Lara v. State, (No.

43,511, 3–17–71); Baity v. State, Tex.Cr. App., 455 S.W.2d 305; Harris v. State, Tex. Cr.App., 435 S.W.2d 502.

There being no reversible error, the judgment is affirmed.