Lee Roy TRUSLEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47540–47542.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted by a jury in three cases of robbery by assault, tried together by agreement; the punishment, forty-five (45) years in each case.

On June 10, 1972, about 9:30 P.M., appellant made his appearance at a Seven-Eleven store in Dallas, with a nylon stocking over his head and with a pistol in his hand, and robbed the manager, Conoley, of an undetermined amount of money, between $150 and $200. Two customers came in the store. Appellant also robbed them of money, struck one of them in the leg with

the pistol and shot the foot of Kevin Sutherlin, the 9 year old son of one of the customers. All of the money was put in the same sack at appellant's demand. The three cases tried together were for the robbery of the manager of the store and the two customers.

All of the three persons robbed and the 9 year old boy positively identified appellant at the trial. Appellant did not testify, but offered evidence that he was at a lounge at the time of the robberies.

Appellant was stopped by police officers about 9:45 P.M., his vehicle was searched and the money, nylon stocking and pistol found in the car driven by appellant and identified as being "similar" to those described by the victims of the robberies, were admitted in evidence. Objection was made that the search was unreasonable and without probable cause. The court held a hearing outside the presence of the jury, at which these facts were in evidence: About 9:45 p. m. on June 10, 1972, Police Officer Murphy observed a vehicle pull from a parking lot, squealing its tires, leaving the scene at a high rate of speed. The vehicle had no license plate light. The officer stopped the vehicle on the traffic offenses, and while talking to the driver, appellant, he noticed the other occupants of the vehicle make "furtive gestures" as if they were trying to hide something on the floorboard. While talking to appellant, he noticed a pile of money lying loose on the middle of the front seat, and he thought this was unusual. Assisting Officer Patterson testified that they had heard a robbery broadcast five minutes before, including a description of one suspect, the description of which fit appellant. Further, while talking to appellant, he told them that he had never been in trouble before, and after checking with headquarters, they determined that appellant had been arrested many times for robbery, assault and carrying a pistol. After weighing all the above mentioned factors, the officers decided to search the car, at which time they found a

gun and a stocking mask in the glove compartment, and a bag of coins in the seat.

■ The officers had a right to stop the automobile for the traffic violation. Medina v. State, Tex.Cr.App., 493 S.W.2d 151; Wimberly v. State, Tex.Cr.App., 434 S.W. 2d 857; Imhoff v. State, Tex.Cr.App., 494 S.W.2d 919; and Taylor v. State, Tex.Cr. App., 421 S.W.2d 403.

■ Later, after they saw furtive gestures, had information regarding appellant's prior criminal record, and listened to the radio broadcast described above, the search was upon probable cause and was not unreasonable under the particular circumstances. Miller v. State, Tex.Cr.App., 472 S.W.2d 269; Rodgers v. State, Tex. Cr.App., 468 S.W.2d 438; Wallace v. State, Tex.Cr.App., 467 S.W.2d 608; Breckenridge v. State, Tex.Cr.App., 460 S. W.2d 907; Smith v. State, Tex.Cr.App., 456 S.W.2d 90; Lane v. State, Tex.Cr. App., 424 S.W.2d 925; Gutierrez v. State, Tex.Cr.App., 422 S.W.2d 467; Adair v. State, Tex.Cr.App., 427 S.W.2d 67; Pace v. State, Tex.Cr.App., 461 S.W.2d 409; Denham v. State, Tex.Cr.App., 428 S.W.2d 814.

At the conclusion of the hearing the court held that the search was legal and that the officers had a right to search the car. We agree and overrule appellant's contention that the search was without probable cause.

Appellant contends that his identification by the store manager, the two customers who were also robbed, and the 9 year old boy was tainted by the pre-trial photographic identification which was impermissibly suggestive.

Upon such objections being made by appellant, the court held a pre-trial hearing outside the presence of the jury, as suggested in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, at the conclusion of which the court ruled:

"THE COURT: The Court finds that all of the in-court identification by each

of the witnesses was free of any suggestion or taint and is based upon their independent recollection of the events at the time and are admissible."

No attack is made upon the photographic display of a group of pictures to the two adult customers soon after the apprehension of appellant. They both readily identified appellant as the robber. The light was excellent, their observation of appellant in spite of the nylon stocking was good, and there was no evidence of any identification of anyone else. Each of these witnesses testified that he identified appellant on the trial because he got a good look at him at the robbery and not because he subsequently saw any pictures. No one ever suggested to either witness whom he should identify. These witnesses said that the fact that they also saw a picture of appellant in the hands of the assistant district attorney just prior to the trial did not control or suggest their identification, and such identification was based upon their independent recollection of appellant on the night of the robberies.

The store manager, Conoley, was not shown a display of photographs soon after the robberies. He saw a picture of appellant in the hands of the assistant district attorney just before the trial. He also testified to surrounding facts of his observation of appellant at the robberies, his description, and that his identification of appellant was without suggestion and independent of his seeing the picture before the trial.

The 9 year old boy who was shot in the foot readily picked appellant out of a group of photographs soon after the robberies, without suggestions and based upon his observations at the time of the robberies. Although he said the showing of the single photograph to him just before the trial may have aided him in the in-trial identification, he reiterated that his identification was based on his observation of appellant on the night of the robberies and not because he saw the picture.

 Considering the totality of the circumstances, we agree with the trial court's decision and hold that the identification of appellant by the four eyewitnesses was admissible. Marshburn v. State, Tex.Cr.App., 491 S.W.2d 663; McNeal v. State, Tex. Cr.App., 499 S.W.2d 173; and cases therein cited.

Appellant claims that the assistant district attorney made prejudicial remarks to the jury in his argument in explaining why he did not ask appellant's wife further questions on cross-examination.

We do not consider the remarks of a highly prejudicial nature, and since the trial judge instructed the jury to disregard, no reversible error is shown. Cazares v. State, Tex.Cr.App., 488 S.W.2d 110; Bermudez v. State, Tex.Cr.App., 504 S.W.2d 868.

The judgments are affirmed.

Opinion approved by the Court.