LOUIS ALLISON V. STATE.

No. 26,388. May 13, 1953.
Rehearing Denied June 24, 1953.

*M. Gabriel Nahas, Jr.,* Houston, for the appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, *Sam W. Davis,* Former District Attorney, all of Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

This is the second trial for the instant offense. The reversal of the prior case is reported in 157 Tex. Cr. Rep. 200, 248 S. W. 2d 147.

The prosecutrix testified that early one morning, just after her husband had left for work, the appellant broke into her apartment and, by means of threats to kill her and her children, forced her to give him her purse and to submit to a sexual act with him. She and her neighbors testified that immediately upon his departure prosecutrix reported the attack to the police and gave them a description of the appellant.

By means of radio, the police were able to apprehend the appellant within a few moments and within a few blocks of prosecutrix's home.

In his pocket was found prosecutrix's purse, bearing her name and address.

Appellant did not testify, and the only defensive testimony came from police officers, who stated that no stains were found on appellant's underwear.

The sole question presented for review grows out of the reproduction of testimony given at a former trial. Only because of the extreme penalty in the case do we set forth appellant's contention as follows: At the former trial, Ted Walsh, an investigator of the district attorney's office, testified that he went to the jail and took from the appellant his clothes, which were introduced in evidence.

At the former trial, appellant, testifying in his own behalf, admitted that the clothes then in evidence were the same ones taken from him by Walsh and the same ones worn by him at the time of his arrest.

In the instant trial, the clothes were admitted in evidence by means of the testimony of the court reporter, who had retained possession of them following the first trial.

Neither Walsh nor the appellant testified at the instant trial. No explanation was made for Walsh's failure to appear.

After the court reporter testified that he correctly tran-

scribed the testimony given at the former trial, a portion of appellant's testimony as shown in such transcript was introduced, including the following:

"Question: No question about it but what those were the same Clothes taken off you by Mr. Ted Walsh at the County Jail. They are the same clothes. Answer: Yes, sir."

We quote from appellant's brief:

"The appellant recognizes the general rule that where an accused takes the stand in his own behalf he is to be treated as any other witness and that his testimony can be used against him upon a subsequent trial, but at the same time insists that to justify proof of the former testimony of a witness, whether it be the accused or another, a proper predicate must be laid for the introduction of such former testimony and specifically contends that in this case the reproduction of his testimony on the former trial amounted to a reproduction of the testimony of Walsh, because the testimony of the appellant and of Walsh were integral parts of a single story and so integrated that one could not be reproduced without reproducing the other."

In other words, he says that the above quoted question and answer amounted to a reproduction of Walsh's testimony.

We commend counsel for his able representation of the accused, both in the trial court and before this court, but we cannot subscribe to such an abstraction.

The trial court did not err in permitting the state to reproduce the testimony given by appellant at the former trial. Branch's Ann. P. C., page 51, Section 80.

The evidence abundantly established the guilt of the accused, and we find no error in the proceedings below.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant construes our original opinion as holding that the clothes produced on the first trial were properly admitted on the present trial "by means of the testimony of the court re-

porter, who had retained possession of them following the first trial." Such was not our holding.

We are in full accord with appellant's contention that the mere fact that the clothes were in evidence on the former trial and had since been retained in possession of the court reporter would not authorize their introduction at the subsequent trial.

The reporter identified the clothing in question as being the clothes which were offered at the former trial and testified to his possession thereof since the trial. He also testified that he correctly transcribed the testimony given by appellant at the former trial, and the following was introduced from his notes.

"Q. No question then about these being the shoes that you had on at the time you were arrested? A. No sir.

"Q. No question but what these are the pants you had on the time you were arrested? A. No sir.

"Q. No question but what this yellow tee shirt with the blue strip around the chest, around the sleeves and around the collar. These were the clothes you had on at the time you were arrested? A. No question about it.

"Q. No question about it but what those were the same clothes taken off you by Mr. Ted Walsh at the County Jail— They are the same clothes? A. Yes sir.

"Q. No question but what this is the red purse that was taken out of your hip pocket? A. No sir.

"Q. This is the red purse? A. Yes sir."

The court reporter witness then testified:

"Q. Mr. McMillan, I will ask you if some shoes, yellow tee shirt with blue strips, khaki pants and a red purse was turned over to you as a State exhibit on the former trial of this case? A. Yes sir.

"Q. I will ask you while the defendant Allison was the witness in his own behalf on the former trial of this case if those shoes, khaki pants, yellow tee shirt with the blue strips around it and a red purse were exhibited to him when the above questions and answers given? A. Yes sir.

"Q. Have you had those shoes, khaki pants, yellow tee shirt with the blue strips and red purse in your possession continuously since the trial of this case? A. I have.

"Q. On the 27th of August, 1951 A. Yes, I have.

MR. DAVIS: We offer them.

638

"Q. Are those shoes and pants and shirt the red purse the same articles referred to in the testimony, and the red purse I questioned you about a while ago? A. They are.

"Q. They have been in your possesison even since they were introduced on the former trial? A. They have."

The exhibits were sufficiently identified by the reproduced testimony of appellant and the court reporter's testimony to warrant their admission in evidence.

This is so aside from the fact that appellant identified the clothes as having been taken from him by Walsh at the jail. Appellant also identified them as the shoes and clothes he was wearing and the red purse he had in his pocket when he was arrested shortly after the crime was committed.

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.