**Gene Thomas LAUBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40284.**

Court of Criminal Appeals of Texas.

April 12, 1967.

Rehearing Denied June 28, 1967.

---

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., John Emmett, Joe K. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary with two prior burglary convictions alleged for enhancement; the punishment, life.

Trial was had after Jannuary 1, 1966.

The sole ground urged as error is the admission in evidence of the articles found as a result of the search of the appellant over his objection that they were the fruits of an illegal search.

The testimony of the state reveals that while Officers Stewart and Johnson were on patrol about 1 a. m., Officer Stewart observed the appellant standing by the right hand front fender on the far side of an automobile on a well-lighted used car lot, which was closed for business, and he was looking toward the rear of the car; that when the appellant saw the patrol car, which was marked "Dallas Police Department" on the side and had red lights and siren, he began running before the patrol car had stopped; that Officer Stewart

jumped from the patrol car and called to the appellant to stop, but he continued running; that both officers ran onto the lot; that the front door glass was broken out of the sales office building; that the appellant was discovered lying underneath a "wrecker" behind the sales office; that at Officer Johnson's direction he came from underneath the "wrecker"; that the appellant was wearing a black shirt, black trousers, and black gloves.

At this time, a search of the appellant by the officers revealed three beer can openers and a Japanese letter opener. These articles were introduced in evidence by the state; and the testimony shows that they had been taken from the office building.

The appellant did not testify or offer any testimony in his behalf.

A Dallas City ordinance enacted under the authority of Art. 214 V.A.C.C.P. (now Art. 14.03 Vernon's Ann.C.C.P.), was introduced in evidence. It authorized an officer to arrest without warrant any person found in suspicious places or circumstances reasonably tending to show that such person has been guilty of some felony.

■ It is concluded that the facts and circumstances under which the appellant was observed and found by the officers was sufficient to authorize his arrest under the ordinance without a warrant; and that the search was made incident to a lawful arrest. Roach v. State, Tex.Cr.App., 398 S.W.2d 560.

The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant re-urges the contention that the articles found on his person were obtained as the result of an illegal search.

We have again examined the record and remain convinced that, under the facts, the appellant's arrest without a warrant was authorized under the Dallas city ordinance enacted under the authority of Art. 214, V.A.C.C.P. (now Art. 14.03, V.A.C.C.P.), introduced in evidence by the state. The search of appellant, being incident to a lawful arrest, was legal.

■ In his motion, appellant insists that he was denied *"Equal Protection Of The Law Under Voir Dire,"* in violation of the 14th Amendment to the Constitution of the United States, and the right to demand *"The Nature And Cause Of The Accusation Against Him,"* as provided by Art. 1, Sec. 10, of our State Constitution, Vernon's Ann. St., when the trial court overruled his request to examine the officer on voir dire, "To Show The *Legality* Or *Probable Cause* Of His Arrest."

We overrule the contention and observe that while appellant was not permitted to ask certain questions on the voir dire examination he later, on cross-examination of the witness, fully questioned him relative to the facts and circumstances surrounding the arrest.

■ In his motion, appellant also insists that the court erred in not dismissing the charge against him because *"He Was Denied A Fair And Speedy Trial,"* in violation of the 6th Amendment to the Constitution of the United States and Art. 1, Section 10, of the Constitution of this State.

The record shows that the indictment was returned against appellant on July 19, 1965, and that his trial was on March 28, 1966. No request is shown to have been made by appellant for an earlier trial. The contention is overruled. Dagley v. State, Tex.Cr.App., 394 S.W.2d 179.

The motion for rehearing is overruled.