**Paul Gene DODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41784.**

Court of Criminal Appeals of Texas.

Jan. 22, 1969.

Rehearing Denied March 12, 1969.

Stanley I. Weinberg, Dallas (by Court appointment), for appellant.

Henry Wade, Dist. Atty., Camille Elliott, Malcolm Dade and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft of a shotgun; the punishment, eight years.

The filing of appellant's brief in the trial court on July 22, 1968, after the approval of the record on August 31, 1967, without any authorized extensions of time for filing, does not comply with Section 9, Art. 40.09, Vernon's Ann.C.C.P., and said brief cannot be considered. However, the brief presents one ground of error which we may review in the interest of justice under the provisions of Art. 40.09, Sec. 13, V.A.C.C.P.

It is contended that the trial court erred in failing to suppress the evidence obtained as the result of the search of the automobile in which the appellant was riding when it was stopped by the officers.

About 1 p. m., Tuesday, January 18, 1966, E. O. Jackson, who operated a store across the street from a bank, observed the appellant behind the gun display counter in his store, that three guns were out

of their normal place, and while escorting the appellant to the door he noticed that he walked "stiff legged"; and later the officers returned a shotgun to Jackson which he identified as one that was missing from his store.

The testimony reveals that about 1 p. m., Tuesday, January 18, 1966, Officer Hamer, in response to a police radio dispatch, went to a bank directly across the street from Jackson's store where he talked to assistant cashier Grubbs who informed Hamer that he had seen a man across the street from the bank at Jackson's store walking back and forth in a peculiar manner while holding onto the overcoat he was wearing, and when the man stepped off the curb he saw a gun barrel protrude down from the inside of the bottom of his pants leg, and he could see the end of the gun barrel as he walked "stiff legged" across the street towards the bank; that he passed the bank going on to a nearby parking lot where another man drove up in a car, and the man with the gun removed it (a shotgun) from his pants and hurriedly placed it in the car which Grubbs described to him as a 1958 Bel Air Chevrolet four-door sedan, blue and white, and without hub caps, and he also described to him the man who had the shotgun and the man who drove the car from the parking lot. Hamer immediately telephoned the radio dispatcher giving him the descriptions of the Chevrolet and the two men as given to him by Grubbs and left the bank in search of the Chevrolet and the two men. From the time he arrived at the bank until he gave said information to the dispatcher was less than five minutes, and within eleven to fifteen blocks from the bank and about ten or fifteen minutes after he gave the information to the dispatcher he heard a dispatch from another officer saying that he was trying to stop the wanted car and gave his location which was the same street on which Hamer was then travelling, and when Hamer looked in the rear view mirror he saw the wanted car coming and he stopped it

and the other police car stopped behind it. On approaching the Chevrolet, the officers saw numerous items of new merchandise from several different stores scattered in the car, but found only one sales slip, and they found a shotgun in the trunk of the car which was identified as one stolen from the Jackson store that day.

Officer Hilburn testified that while he was pursuing the Chevrolet to arrest the driver for operating it with a loud, noisy muffler, he heard radio dispatches describing the same car and a desciption of the persons in it who were wanted for theft.

■ The facts and circumstances observed and found by the officers, together with operating the Chevrolet with a loud, noisy muffler, and information they had received were sufficient to authorize the arrest of the driver without a warrant for the offense and to prevent the consequences of theft; and the search of the car was incidental to a lawful arrest. The refusal to suppress the evidence was not error. Art. 797, Vernon's Ann.P.C.; Art. 18.22, V.A.C.C.P.; Laube v. State, Tex.Cr.App., 417 S.W.2d 288.

The judgment is affirmed.

DOUGLAS, J., not participating.

## ON APPELLANT'S MOTION FOR REHEARING

### OPINION

MORRISON, Judge.

It has now been shown, by supplemental transcript, that appellant's brief was timely filed and we will consider the other questions presented in his original brief.

■ Appellant complains of the court's failure to grant his requested charge which would have told the jury:

"* * * if (you) find and believe from the evidence, or have a reasonable doubt therefrom, that the Defendant,

Paul Gene Dodd, was so intoxicated, or under the influence of intoxicating drink, to the extent that he was incapable of forming the intent to deprive the said O. E. Jackson of one shotgun over the value of fifty dollars and to appropriate it to the use and benefit of him, the said Defendant, then you will acquit the Defendant."

Our latest expression on this particular question is Dubois v. State, 164 Tex.Cr.R. 557, 301 S.W.2d 97, cert. den. 356 U.S. 921, 78 S.Ct. 705, 2 L.Ed.2d 717. We hold that the trial court properly denied the requested charge.

The court did not comment on the weight of the evidence, as appellant contends, in instructing the jury as follows:

"You are further instructed that intoxication alone, if any, is never a defense to the commission of a crime and cannot be used as such, neither as to intent nor to the question of guilt."

See Article 36, V.A.P.C.

Finding no reversible error, appellant's motion for rehearing is overruled.

DOUGLAS, J., not participating.