John **HARRISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42968.

Court of Criminal Appeals of Texas.

July 15, 1970.

Jack T. Niland, El Paso (appointed counsel), for appellant.

Jamie C. Boyd, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for making a threat with the intent to extort money as denounced by Article 1268a, Vernon's Ann.P.C. The puishment was assessed by the jury at eight years, probated.

The sufficiency of the evidence is challenged. The State's evidence reflects that appellant handed to Dr. Newton Walker a sheet of paper which contained the words: "Read and Return. I have suffered so much for so long, and my family have suffered, and it is all because of you, I am going to see that you and your family suffer and your property suffers. I never will forget you saying, 'Harrison, you are better now and come back in a month.' If I don't have a ten thousand dollar cashier's check within four days I am going to mutilate you, your family and destroy your property." Appellant then took the note and left.

The record further shows that Dr. Walker had treated appellant for an ear ailment, and that the appellant had gone to another doctor and had had an operation to remove a tumor which caused the trouble, and it had been successful.

Appellant testified that the letter was to inform Dr. Walker of his intention to file a malpractice suit unless a settlement for ten thousand dollars could be reached; that it would be unwise for the doctor to contact the authorities and that a lawsuit would jeopardize his practice and livelihood of his family as any adverse action would surely do, but the letter he handed the doctor did not convey the thought that he would mutilate the doctor or his family.

The jury chose to believe the State's testimony. There is sufficient evidence, considered in the light most favorable to the verdict, to support the conviction.

It is contended that appellant was denied a speedy trial. The indictment was returned on May 18, 1967, and the trial started on March 24, 1969. The record does not show that appellant ever requested, or sought mandamus for, a speedy trial. Absent a request for a speedy trial, appellant cannot now complain. Johnson v. State, Tex.Cr.App., 453 S.W.2d 828; Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59. See also Parson v. State, Tex.Cr.App., 432 S.W.2d 89; Laube v. State, Tex.Cr.App., 417 S.W.2d 288.

It is contended that the court erred in permitting Sergeant Robert Barnett of the El Paso Police Department to testify concerning statements made by the appellant to Barnett and that this denied his right against self-incrimination.

Officer Barnett testfied that he and Officer Ramirez went to appellant's home, and he asked appellant if he would discuss the matter of the apparent misunderstanding with Dr. Walker; that he informed appellant that he did not have to discuss it; and, if he did not desire to do so, the officers would leave; that then appellant agreed

and proceeded to give the history of his treatment by Dr. Walker, and that appellant, when asked what he intended to do, replied: "I am not going to tell you I will do something violent, and furthermore I am not going to tell you I will not do anything violent." Appellant then stated that he did not want to file a civil suit, because he did not believe in the courts in that respect, and that he was going to get it (money) his way. No objection was made to this testimony.

Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, applies only to custodial interrogation. There the Court stated, "[B]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. * * *"

■ The record does not show that appellant was in custody or deprived of his freedom in any significant way. Under this record, his Fifth Amendment right against self-incrimination was not violated.

■ Appellant also contends that he was denied his right against self-incrimination when the State introduced portions of appellant's testimony that he had given at a habeas corpus hearing in May of 1967. The testimony concerning the hearing, admitted without objection, shows that he was being questioned by his counsel when he testified that he told Dr. Walker that great harm would come to him unless his demands were met. This statement was made in answer to a question by his retained counsel. He was not forced by the State or the judge to make the statement.

This Court has held that testimony of an accused at a previous trial, which is relevant, may be introduced against him at a

subsequent trial. Allison v. State, 158 Tex. Cr.R. 634, 259 S.W.2d 567; Rodriguez v. State, 130 Tex.Cr.R. 438, 94 S.W2.d 476. Also, relevant testimony of an accused at an examining trial may be introduced. 1 Branch's Ann.P.C.2d, Sec. 102, p. 115.[1]

Appellant has shown no reason or authority why the testimony is not admissible. No error is shown.

 Lastly, appellant contends that he was represented by incompetent counsel. The record reflects that appellant had counsel of his choice who was competent and that he was well represented during the trial. No inadequate representation of counsel is shown.

The judgment is affirmed.

---

1. It should be noted that in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the Supreme Court held that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection. See United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1.