**Paul Gene DODD, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 30456**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1970.

---

1. The sentencing judge was not the trial judge.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Russell B. Smith, Dallas, Tex., for petitioner-appellant; Paul G. Dodd, pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Charles R. Parrett, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.

The petitioner, Paul Gene Dodd, was convicted of the theft of a shotgun from the Jackson Sporting Goods Store in Dallas, Texas. Dodd sought to suppress evidence that the stolen shotgun was found in a car in which he was riding when stopped by the police. He asserted that the arrest and search were illegal.

The testimony at the trial established that the officers did have probable cause for the arrest and search. The owner of the store, suspicious of the defendant's character, asked the defendant to leave the store. Henry Grubbs, an assistant cashier in a bank across the street from the store, noticed Dodd walking about outside the store stiff-legged, as though he was hiding something under his coat and in his trousers. He noticed what appeared to be a gun barrel protruding from Dodd's trousers. Grubbs had another employee notify the police. He followed Dodd and saw him get into a car after having taken a gun out of his trousers and thrown it into the car.

Officer Hamer of the Dallas Police arrived and received the cashier's information, including a description of the defendant and of the car. He did not know that Dodd had been asked to leave the sporting goods store or that a gun was missing from the store. He knew only what Grubbs had told him. Hamer put out a general "suspicious person" notice to stop the car. Then he himself cruised in search of the car. He spotted the car while it was being followed by another officer, who had heard the dispatch and was also concerned that the car was violating a city ordinance by having a faulty muffler.

The two officers stopped the car and requested the driver and the passenger Dodd to get out of the car. Hamer noticed several pieces of merchandise in original wrappers scattered around the back seat and on the floorboard. Some articles were in a paper bag with a store's name on it, but were not items usually sold at the store. While the other policeman maintained custody of the two men, Officer Hamer opened the trunk and found the stolen shotgun.

The state trial court conducted a hearing out of the presence of the jury on the motion to suppress. The court found probable cause for the arrest and for the search of the car. Those findings were affirmed on direct appeal. Dodd v. State, Tex.Cr.App.1969, 436 S. W.2d 149.

The defendant unsuccessfully sought habeas corpus from the state courts. He then filed a petition for habeas corpus in the district court below asserting that the evidence used against him was the product of an illegal search and seizure. He further contended that at his trial the state had failed to prove that the shotgun recovered was the one that was stolen. The district court denied relief without an evidentiary hearing, finding that the applicant had had a full hearing in the state court and adopting the findings of the state court.

■ Our review of the record convinces us that the district court was correct. The trial court properly refused to suppress the evidence of the shotgun. Officer Hamer's knowledge, which he had gathered from Grubbs, was sufficient to give him probable cause to believe that the defendant had committed a crime. At the trial Officer Hamer did not testify as to his subjective theory of the crime committed during the time he was looking for Dodd. He was seeking Dodd as a "suspicious person." The test of probable cause is not the articulation of the policeman's subjective theory but the objective view of the facts. Klingler v. United States, 8 Cir. 1969, 409 F.2d 299; Smith v. United States, 9 Cir. 1968,

402 F.2d 771. From the information known to Hamer, there was probable cause to believe in several possible crimes. Carrying a concealed weapon is an obvious one. Given the proximity to the bank, attempted robbery is another. Given the proximity to the sporting goods store, theft of the gun is a third plausible crime. That the officer did not know that a gun had been stolen is no bar to probable cause to believe a theft had been committed. See Lathers v. United States, 5 Cir. 1968, 396 F.2d 524. Because he had probable cause to arrest the defendant, the officer was justified in searching the car as the hiding place for the gun and therefore no search warrant was required. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419.

■ Alternatively, if the policeman did not have probable cause to arrest the defendant based on the information gathered from the bank personnel, he certainly had grounds to stop the defendant for questioning. Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889. In the process of stopping the defendant, the officer sighted on the back seat of the car, in plain view, a variety of merchandise, strewn about in such a way as to arouse his suspicion that the merchandise had been stolen. Put together with his knowledge about the man's presence at the shopping center—with a gun hidden in his pants leg and under his coat—this information gave him probable cause to believe the defendant had committed some thefts. Thus the search of the trunk was valid.

■ There is no merit to Dodd's claim that it was not proved that the gun recovered was the one stolen. The state made a technical error in failing to show that the serial number of the gun recovered from the car was the same as the one on the gun returned to the store. There was enough other evidence, however, to demonstrate that it was the same gun. Any error on the part of the

prosecution in its failure to make the chain of connection perfect is not of constitutional proportions. *See* Doughty v. Beto, 5 Cir. 1968, 396 F.2d 128.

The judgment below is affirmed.