**Dorothy Kate HELTZEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43292.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Emmett Colvin, Jr., Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION
ON APPELLANT'S MOTION FOR
REHEARING

ODOM, Judge.

The prior opinion is withdrawn.

The offense is burglary; the punishment, eight years.

■ No grounds of error are set forth in a brief filed in the trial court as required by Article 40.09, Sec. 9, Vernon's Ann. C.C.P. However, the appellant's contention, which was raised for the first time in a brief filed in this court, will be considered as unassigned error pursuant to Article 40.09, Sec. 13, V.A.C.C.P. Dodd v. State, Tex.Cr.App., 436 S.W.2d 149; and Johnson v. State, Tex.Cr.App., 436 S.W.2d 906.

The appellant contends that her conviction is void for the reason that the search of the automobile which she had been driving was illegal and fruits of that search were inadmissible in evidence.

The record reflects that prior to any mention of the search in question or the fruits thereof, by the state, counsel for the appellant elicited from Officer Norman of the Dallas Police Department the following testimony:

"Q. Did you talk to her—Was the automobile ever searched in front of the building?

"A. Yes.

"Q. Were you present?

"A. Pardon?

"Q. Were you present while it was searched?

"A. Yes.

"Q. Did you ever talk to Mrs. Heltzel after that?

"A. Yes.

"Q. After the automobile was searched and after Mrs. Heltzel and the car was in the front, did you ever ask her if she had anything to do with breaking and entering that shopping center?

"A. On the way downtown, sir, I did.

"Q. What was her reply?

"A. She said, 'No.'

"Q. Did she tell you she had put any of that merchandise in that automobile you had seen her driving that you later saw searched?

"A. She did not, sir.

"Q. Did she deny she put any of it in there?

"A. I didn't ask her if she put it in there, I asked her if she knew how it got there.

"Q. She said that she didn't know?

"A. Yes.

"Q. Did you ask her if she knew it was in there?

"A. I believe I did, yes.

"Q. What was her reply to that?

"A. She said no.

"MR. HENDERSON: I believe that is all."

Any objection which appellant might have to the admission of evidence of the fruits of the search was waived when testimony about the same search was first elicited on cross-examination by appellant's own counsel. 56 Tex.Jur.2d, Trial, Sec. 158; Brown v. State, Tex.Cr.App., 457 S.W.2d 917, and cases cited therein.

The appellant's ground of error is overruled.

The judgment is affirmed.