**Keith Steven KASER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48033.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

No appearance on appeal for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for the unlawful possession of marihuana; upon a plea of not guilty before the court, the punishment assessed was a two-year probated sentence.

No brief was filed in the trial court on behalf of the appellant, and no question of indigency is raised. Nevertheless, we have reviewed the record in the interest of justice and we find fundamental error which necessitates the reversal of this cause. Stoddard v. State, 475 S.W.2d 744 (Tex. Crim.App.1972).

The issue which we refer to is the question of the legality of the arrest and search in this cause, problems which were properly objected to and preserved at the trial court level. The facts are these: the United States Marshal[1] who executed the arrest and search testified that on Wednesday, August 2, 1972, he received information that on the following day a young man, between 18 and 20 years of age, with shoulder length blond hair and blue eyes would be boarding a Texas International plane at the Dallas airport, and would be "transporting narcotics." The arresting officer testified that this information was relayed to him in person from "another officer" whom he knew personally.

---

[1]. This officer stated that he worked as an anti-air piracy guard at the Dallas airport, but that the arrest of appellant was in no way connected with any investigation of air piracy.

On Thursday, August 3, 1972, the U. S. Marshal observed a person (the appellant) at the Dallas airport who fit the description which had been given to him. The officer approached the appellant and identified himself; the two men then went to a more secluded area where the appellant produced identification. The officer then informed the appellant as to the reason he had been stopped, and, according to the arresting officer, the appellant then "became nervous, very defensive."[2] A search of appellant's person was then conducted, and a plastic sack containing marihuana was found, stuck in the top of one of his boots. Five hundred dollars in cash was also discovered on the appellant.

■ The appellant timely objected that the arrest and search were illegal; we agree for the following reasons:

The "tip" and the ensuing "corroboration" are totally inadequate to supply probable cause for the arrest and search. The "other officer's" reliability or credibility must be assumed, as it was never mentioned in the trial. The arresting officer did not know where the informing officer got the information. No time element was supplied as to what part of the next day the appellant would be transporting these narcotics.[3] The "tip" did *not* include a description of what the appellant might be wearing, how tall he might be, the approximate weight of the suspect, or the alleged name of the accused. Neither did the tip specify what *type* of narcotics were supposedly going to be transported. The officer stated that he was told only that to "the best of my memory, the subject would be flying on Texas International Airlines, I think, to Austin, Texas." He further testified that, in spite of the fact that he had in excess of twenty-four hours from the time of the "tip" to the time of the arrest, he made no attempt whatsoever to obtain a warrant for appellant's arrest or search. There was no evidence at all that the officers involved had knowledge of a possible bad reputation on appellant's part.

■ The standards applicable to the factual basis supporting an officer's probable cause assessment at the time of a challenged warrantless arrest and search are at least as stringent as the standards applied with respect to a magistrate's assessment as a prelude to issuing an arrest or search warrant. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Of course, in some cases, hearsay information which would otherwise be insufficient to constitute probable cause may become sufficient if adequately corroborated by independent observation of the arresting officer. Such a theory was extensively discussed in the recent case of Rushing v. State, 500 S.W. 2d 667 (Tex.Cr.App.1973). As pointed out in that case, the information gained by observation must in some sense be corroborative of the informer's tip—in the present case it is required that it be corroborative of the allegation that the appellant would be *transporting narcotics* onto the airlines. Cole v. State, 484 S.W.2d 779 (Tex.Cr. App.1972). No such corroboration is present; all that was substantiated was the report that someone fitting the very general description would be at the Dallas airport. There was no testimony that appellant's actions prior to arrest in any way attracted the attention of the arresting officer.

There is no basis for finding probable cause in this case so as to justify the warrantless intrusion. Further, the conviction will not stand in the face of the illegal arrest and search.

Therefore, the judgment is reversed and the cause remanded.

2. The arresting officer stated that at the time he asked the appellant to step into the secluded room with him, to question him, he was under arrest at that point, and would not have been free to leave.

3. The appellant was arrested between 8:00 and 9:00 in the evening of August 3, 1972.