Barry Bill **PHILLIPS** and Jay C. Emerson, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 52696.

Court of Criminal Appeals of Texas.

March 16, 1977.

Charles L. Caperton, Dallas, for Phillips.

George R. Milner and Ronald L. Goranson—on appeal only—Dallas, for appellant.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a joint trial before a jury, appellants Barry Bill Phillips and Jay C. Emerson were convicted of possession of more than four ounces of marihuana, a felony. Punishment of each was assessed at five years probated.

On appeal, appellant Emerson makes the contentions of insufficiency of the evidence to support the verdict and of error in the admission over appropriate objection of the evidence of the marihuana seized in the alleged unlawful search of the truck of Jackie Eugene Hinson. Appellant Phillips raises only the contention of insufficiency of the evidence to support the verdict. However, in the interest of justice and because constitutional questions are involved, we have reviewed the evidence concerning probable cause to stop the truck from which the marihuana was taken and probable cause before stopping it to search the truck and seize the marihuana, insofar as said evidence applies to appellant Phillips as well as to appellant Emerson, in order to determine whether fundamental error is present as to appellant Phillips. See Art. 40.09, Sec. 13, V.A.C.C.P.; *Kaser v. State*, Tex.Cr.App., 505 S.W.2d 806; *Stoddard v. State*, Tex.Cr.App., 475 S.W.2d 744; *Heltzel v. State*, Tex.Cr.App., 462 S.W.2d 289. The record reflects that Phillips also made appropriate objection to such evidence.

█ This case involves a seizure of contraband; this seizure in turn resulted in an indictment against these appellants charging a possessory offense in which the appellants' alleged possession of the seized contraband at the time of the contested search and seizure was an essential element of the State's case. Hence, although appellants were not present at the time the truck containing the marihuana was stopped and searched, and claimed no possessory interest in the truck or the contraband, they have standing to contest the legality of the admission in evidence of the stopping and search of the truck. *Riojas v. State*, Tex. Cr.App., 530 S.W.2d 298, and authorities there cited; *Maldonado v. State*, Tex.Cr. App., 528 S.W.2d 234; *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.[1]

The instant case against these appellants involves the same marihuana that was seized in the search of a U–Haul van-type truck being operated by Jackie Eugene Hinson on January 17, 1975, which truck was stopped by Sheriff Guy Kinnison and his deputy as it was leaving the Dawson County Airport. See *Hinson v. State*, 547 S.W.2d 277 (1977). In *Hinson*, we reversed

---

1. In *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208, (1973), mentioned in *Riojas*, supra, the Supreme Court stated: "In deciding this case, therefore, it is sufficient to hold that there is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure." The Court expressly reserved for future decision the question of standing "where possession at the time of the contested search and seizure 'is an essential element of the offense . . . charged,'" since that was not an essential element of the offense in that case. See also *Smith v. State*, Tex.Cr.App., 530 S.W.2d 827, where the defendant was found to have no standing because he was not present at the time of the search, and "was not charged with an offense which included the possession of the automobile as an essential element of the offense."

the judgment because of error in admitting, over appropriate objections, evidence of the stopping by the officers of the truck and the subsequent finding of the marihuana in the search. In reversing, we held:

"From the facts and circumstances, which we find in the record, and will discuss, it is obvious that the Sheriff did not have probable cause to stop and arrest either the appellant or his passenger, and the Sheriff did not have probable cause to search the truck before it was stopped. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)."

After discussing the facts and circumstances, we stated:

"We have concluded that the evidence in this record shows no more than a mere suspicion and that the evidence in this record does not show specific and articulable facts which reasonably warranted the stopping of the appellant for further investigation. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Brown v. State, 481 S.W.2d 106 (Tex.Cr.App.1972); Talbert v. State, 489 S.W.2d 309 (Tex.Cr.App.1973); Leighton v. State, 544 S.W.2d 394 (Tex.Cr.App. 1976). It is, of course, established by authority too well known to require citation, that the results of a search cannot be considered to determine whether there was probable cause for the search in the first place."

The evidence discussed in Hinson, supra, and the portion of the testimony of Sheriff Kinnison there quoted were taken from a transcription of the evidence given at a joint pre-trial hearing on separate motions to suppress the evidence of the search of the U–Haul type truck filed by Hinson and these appellants. The three defendants and their separate counsel were present and participated in the joint pre-trial proceedings. The details of the actions of the officers in stopping defendant Hinson and searching his truck and seizing the marihuana (over 1200 pounds) found therein are thoroughly set out in our opinion in Hinson v. State, supra, and need not be repeated here.

Additional evidence developed at the trial of appellants reflects the following: About two hours after the search of the U–Haul type truck and the arrest of Hinson, Sheriff Kinnison, his deputy and a newspaper reporter returned to the airport. There, the sheriff drove his car close to the runway, and while watching the plane which had brought the marihuana (Hinson had stated its cargo was clock parts) depart, he noticed a pickup truck parked near the runway flash its lights several times. The sheriff also noticed that the passenger in the pickup was holding a "walkie-talkie" type high frequency radio frequently used for ground to air communication. The officers went to the pickup, which was occupied by these appellants, and asked for identification. New Mexico driver's licenses were shown the officers bearing the names Barry D. Richardson and Lloyd Nolan Nash. The passengers stated they were there to meet an executive named Bill Moss, one of the two persons previously arrested who were in the U–Haul Truck. The officers then searched appellants' truck for weapons and found a large photograph of Bill Moss. In a search of the occupants a small amount of marihuana less than four ounces was found. Appellants were than arrested. We have reviewed the record and find no probable cause for the search of appellants' truck, or for their arrest and the search of their persons.

During the trial before the jury, evidence of the stopping of the U–Haul truck by the officers, the search of the truck and the finding of over 1200 pounds of marihuana therein as well as the search of appellants' truck and of appellants personally was admitted over appellants' appropriate objections. In the absence of probable cause we conclude that the trial court reversibly erred in admitting the evidence of the marihuana found during the search of the U–Haul type truck, see Hinson v. State, supra, and the small amount of marihuana and the other articles found in the subsequent search of appellants and their truck.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.