## DARWIN DONALD LONG V. STATE.

No. 25135. February 7, 1951.

*Sentell, Beene & Rosser,* Snyder, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of driving a motor vehicle while

intoxicated and by a jury assessed a fine of $200.00; hence this appeal.

The proven facts are briefly summarized as follows:

Some officers of Scurry County, being informed of an automobile wreck south of Snyder, in said county, went to the place to make an investigation. Upon arriving there, appellant was found in charge of one of the automobiles, which he said he was driving at the time of the wreck, and he was drunk. He told officers that he had been drinking beer.

There are four bills of exception in the record.

Bill No. 1 complains of the overruling of a motion for a continuance because of the absence of one, T. W. Bowen, by whom appellant alleged he expected to prove that he took Bowen to his (Bowen's) house some few hours prior to the time he (appellant) was alleged to have been under the influence of intoxicating liquor and that he was not intoxicated at such time. This was a second application for a continuance. There is no affidavit from Bowen in the record, and we do not know even now whether he would testify as to the sobriety of appellant at some undesignated time prior to this accident. Similar testimony to that desired from Bowen is found in the record, and this desired testimony would have been cumulative thereof. This bill is overruled.

Bill No. 2 complains because of the fact that certain statements were testified to by Deputy Sheriff Head as having been made to him by appellant at the scene of the accident wherein appellant was accused of drunken driving. This bill is incomplete in that it is not shown therein what the witness Head testified to that was objectionable, nor was is shown that appellant was under arrest; but it was claimed that the appellant had not been warned that any statement thus made could be used against him. This bill is overruled.

Bill No. 3 relates to the testimony of Sheriff Lloyd Merritt and is in the same condition as Bill No. 2. In addition thereto, it seems not to have been signed by the trial judge. In any event, this bill is ruled by our action on Bill No. 2 and is overruled.

Bill No. 4 is a bill requesting the trial court to instruct the jury to find a verdict of not guilty. This was refused and we think correctly so.

Perceiving no error shown herein, the judgment will be affirmed.