**Clyde W. STUART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42457.**

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Dawson & Dawson by L. B. Dawson, Corsicana, for appellant.

Jimmy Morris, Corsicana, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for burglary with the punishment assessed at life under the provisions of Article 63, Vernon's Ann.P.C.

The sufficiency of the evidence to sustain the conviction is not challenged. Appellant raises only one ground of error. He contends the court erred in "admitting evidence relative to a sawed off shotgun, together with ammunition consisting of buckshot and rifle slugs, which was found" in the automobile in which appellant was apprehended and arrested.

Officer Owen, a Corsicana City police officer at the time, testified that about 1:30 a. m. on July 6, 1968, while on patrol in the downtown business area with Officer Longorio, he observed an automobile with its brake lights on parked near the front of the Harris and Jacobs Clothing Store; that it was unusual for automobiles to be parked in this area at that time of the early morning that as he slowly approached the automobile he observed the appellant run from the front of the said store carrying "suits of clothes" and get into the automobile; that he turned on his police vehicle's red lights and stopped the vehicle in which appellant was riding after it had travelled approximately twenty feet.

Officer Owen related that he searched the appellant and his companion, and in the

automobile he found a sawed off shotgun, a box of shells, and 21 men's suits (later shown to have been taken from Harris and Jacobs Clothing Store); that within a minute or so he discovered the front glass door of the said store had been broken. An examination at the time of the license plate tags of the automobile in which appellant was apprehended revealed they had been altered with tape.

Officer Longorio corroborated Owen's testimony.

Article 14.03, Vernon's Ann.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which' reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Under the foregoing statute, the warrantless arrest of the appellant and his companion was clearly authorized and the search incident thereto of their persons and the automobile was valid. Therefore, the fruits of such search were admissible in evidence. See Laube v. State, Tex.Cr. App., 417 S.W.2d 288; Roach v. State, Tex. Cr.App., 398 S.W.2d 560; Sanchez v. State, Tex.Cr.App., 438 S.W.2d 563; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826; Carter v. State, Tex.Cr.App., 445 S.W.2d 747.

Further, we observe that appellant made no objection to Officer Owen's testimony that he found the shotgun, shells, men's suits, etc., in the automobile. His first objection came when the State sought to show the shotgun was loaded and when the shotgun itself was offered into evidence.

We find no merit in his contention.

The sole ground of error is overruled.

The judgment is affirmed.