James Maurice **HUBBARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45796.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. Mc-Collum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment three years imprisonment.

The appellant contends the evidence is insufficient to sustain the conviction.

On the morning of February 10, 1970, a school principal reported to the Dallas Police Department that a burglary was in progress at 3761 Black Oak Street, across the street from his school. This was the residence of Harding Nash. A description of three suspects was given along with the make, color and license plate number of the car used in the burglary.

Nash, upon being notified of the burglary by a neighbor, returned to his home. He testified that entry had been made by prying up a window atop his air conditioner, reaching through and unlocking the next window, and tearing down the window screen. The rooms were ransacked and several items were missing, including "Old Betsey," an 1889 pump shotgun. Nash gave the police a list of the stolen items. The house had been locked and Nash had not given anyone permission to enter the house and take the items stolen.

Verl Tramel, a Dallas Police Officer, received a radio broadcast concerning the

burglary of Nash's house. He was given the description of the suspects and the car. Later the same morning he observed the car containing the suspects stopped at a traffic light in downtown Dallas. Tramel was able to identify the appellant as the driver of the car and as the older suspect earlier described in the radio broadcast. The officer had to make a U turn to pursue the suspects. While he was turning around, the Volkswagen disappeared. Tramel quickly located it on a nearby parking lot.

An elderly gentleman, who was standing near the parking lot, told the officer "they went thataway." The officer saw the three suspects walking down a nearby street. Upon seeing the police officer, the suspects "broke and ran." The officer, on foot, pursued the appellant, who was wearing a black leather jacket and blue jeans matching the description given the officer over the radio, and arrested him. Tramel placed the appellant in his car and returned to the parked Volkswagen. A shotgun, which was in open view between the front and back seats with the butt of the gun on the back seat and the barrel lodged between the front seats, was retrieved from the car. The shotgun was identified, on trial, by Nash as "Old Betsey." The license plates on the car were registered to a 1962 Ford and not to the Volkswagen.

The State introduced a finger print expert, who had on the afternoon of the burglary dusted Nash's house for prints and lifted a right thumb print from the aluminum frame of a window screen which had been removed by the burglars. The print was in a position where one would grasp a screen to "tear it off." He also testified that the "lifted" print positively matched the right thumb print known to be that of the appellant.

 The shotgun was found in open view in the automobile which had just been driven by the appellant and from which the appellant was fleeing. It is well settled that where the evidence shows the burglary of a house by someone, the accused's unexplained possession of some or all of the property stolen from such house is sufficient to sustain conviction. Castaneda v. State, Tex.Cr.App., 491 S.W.2d 885 (1973).

The remaining ground of error, urging that the shotgun was recovered as a result of an unlawful search, is without merit. The shotgun was in open view and the officer, based on the facts already stated, had probable cause to search the abandoned car for stolen property. Onofre v. State, 474 S.W.2d 699 (Tex.Cr.App.1972); Abbott v. State, 472 S.W.2d 142 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.