**Alejandro PULIDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47237.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Don Studdard, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and William B. Hardie, Jr., Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Appellant was convicted in a trial before a jury of burglary; punishment was assessed by the court at ten (10) years' confinement.

In his third, fourth and fifth grounds of error, appellant argues that the evidence is insufficient to sustain a conviction. The grounds of error will be considered jointly.

The record reflects that on November 29, 1971, Armando Nava, an officer in the El Paso Police Department, was conducting a stakeout in the 3100 block of Douglas Street in El Paso when he saw a red car drive up and park in front of 3205 Douglas Street. Two men got out of the car, one of whom Nava recognized as appellant. The other man, Roberto Cano Rodriquez, knocked on the door while appellant went over to the window and looked inside. After the two talked to each other for a short time, appellant walked off the porch and went to the car while Rodriquez tried to pull on a screen to one of the windows. After seeing this, Nava got out of his car and attempted to hide behind some bushes in front of the

house. Appellant, while sitting in the car, saw Nava and said something to Rodriquez. Officer Nava apprehended Rodriquez and after handcuffing him took him to the car where appellant was sitting. A few minutes later another policeman arrived and both men were arrested. Nava then looked in Rodriquez's car and saw two television sets and a stereo amplifier covered with a jacket in the back seat. The jacket covering the items contained papers which belonged to Rodriquez. Nava asked Rodriquez if the articles belonged to him but he did not answer.

Both men were taken to the police station and then to a magistrate where they were warned and, subsequently, charged with attempted burglary.

Prior to being placed in the city jail, appellant removed all articles from his pockets in order for the police to inventory appellant's possessions. The officer conducting the inventory noticed that appellant possessed several Mexican coins which he then placed in an envelope.

Joe Don Stevens, the complaining witness, testified that after he returned from work at approximately 4:00 P.M. on November 29, 1971, he discovered that his house had been broken into and two television sets, a stereo, a camera and some Mexican coins were missing. Stevens identified the stereo amplifier as one of the items missing from his house, and further stated that he had never given appellant permission to enter his house. A neighbor, who lived across the street from Stevens, testified that a strange car was parked across the street at approximately 2:00 P.M. on the afternoon of November 29, 1971. The neighbor saw a man come out of the witness' house, get into a 1955 red and white Chevrolet and leave; however, the neighbor did not positively identify appellant. The occupant of the premises where the arrest took place testified that she went into the living room and saw one man looking at her window and another man by the car in the street. She could not identify appellant, however.

■ The court charged the jury on the law of principals and on circumstantial evidence, and we conclude the evidence is sufficient to support the verdict.

It is well settled that where the evidence shows a burglary of a house by someone, the accused's unexplained possession of some or all of the property recently stolen from the house is sufficient to sustain a conviction. Rascon v. State, Tex.Cr.App., 496 S.W.2d 99; Castaneda v. State, Tex. Cr.App., 491 S.W.2d 885; Hubbard v. State, Tex.Cr.App., 490 S.W.2d 849; Beard v. State, Tex.Cr.App., 458 S.W.2d 85.

Appellant contends that this is a weak circumstantial evidence case and the prosecution did not cast additional light on the facts or satisfactorily account for its failure to do so; therefore, appellant argues that a reversal is required. Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305. We cannot agree that the rule relied upon has application. There was no showing that the State had other witnesses or evidence available which would cast additional light on the facts and failed to do so. Callahan v. State, Tex.Cr.App., 502 S.W.2d 3 (1973). As in Rascon v. State, supra, no effort to lift fingerprints was necessary since the stolen property was found in appellant's possession. Further, while appellant was not directly identified as being present at Stevens' house, he was arrested while in possession of the stolen property, and he failed to explain the possession. Viewing the evidence in a light most favorable to the State a conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. See Callahan v. State, supra; Jones v. State, Tex.Cr.App., 442 S.W.2d 698. We find the evidence sufficient to sustain the jury's verdict.

Appellant's third, fourth and fifth grounds of error are overruled.

■ Appellant's first contention is that the trial court erred in overruling a motion to suppress the evidence obtained from the automobile in which appellant was sitting on the ground of an illegal search and seizure.

The record reflects that the initial arrest was made while Nava was observing appellant and Rodriquez's attempt to break into another residence. Under such circumstances, Nava reasonably concluded that appellant was about to commit some offense against the laws [1] and was authorized to arrest appellant, and the search incident to the arrest was valid. Stuart v. State, Tex.Cr.App., 447 S.W.2d 923; Baity v. State, Tex.Cr.App., 455 S.W.2d 305, cert. den., 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 and cases there cited.

■ Further, we note that the items recovered by the police were in plain view of Officer Nava and, therefore, were not the product of an illegal search. Hubbard v. State, Tex.Cr.App., 490 S.W.2d 849; Onofre v. State, Tex.Cr.App., 474 S.W.2d 699.

Appellant's first ground of error is overruled.

Appellant's second contention is that the "Court erred in overruling the defendant's motion to suppress any and all evidence obtained as a result of the search of defendant's clothing while he was incarcerated in the city-county jail . . ."

■ The record reflects that Mexican coins were found in appellant's pocket when his personal possessions were inventoried at the jail, and the complaining witness testified that Mexican coins were missing from his home. The coins in question were not admitted into evidence, but appellant complains of the testimony about the coins. In light of our disposition of the initial ground of error, appellant's contention is without merit. Since the initial arrest was legal, a search of appellant's

person was permissible. See Merriweather v. State, Tex.Cr.App., 501 S.W.2d 887 (1973); see also United States v. Robinson, — U.S. —, 94 S.Ct. 467, 38 L.Ed.2d 427.

The fact that the search of appellant occurred at the police station does not render items seized pursuant to the search inadmissible, and appellant's reliance on Brett v. United States, 412 F.2d 401 (5th Cir. 1969) is misplaced. The record reflects the search was conducted immediately prior to placing appellant in jail and it was related to the duties of the police in order to inventory appellant's personal property as he emptied his pockets.

■ Since the search was reasonable, then the finding of the coins, totally unrelated to the purpose of the search, would be admissible. Seizable items, such as instruments of the crime or contraband which come into the possession of an officer lawfully searching in connection with another crime or for another purpose, may be retained and used in the prosecution to which they relate. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Merriweather v. State, supra; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

Appellant's second ground of error is overruled.

Appellant in his sixth ground of error contends that the State improperly elicited testimony about the Mexican type coins found in appellant's possession, and further that the prosecutor asked improper questions about the coins.

The record reflects that appellant's counsel objected to the State's witness, Captain O'Rourke, describing the coins before they were admitted into evidence. The court sustained the objection. While the bag was being marked as State's Exhibit 3, O'Rourke volunteered that some of the coins were not Mexican. Appellant's counsel's objection to the remarks was sus-

1. Article 14.03, Vernon's Ann.C.C.P., provides: "Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

tained and the jury was instructed to disregard the evidence. The State then offered into evidence "six Mexican coins marked as State's Exhibit Number 3." Appellant's counsel again objected which was sustained by the court. The State then abandoned any attempt to introduce the coins, and the court instructed the jury to disregard any of O'Rourke's testimony. No mistrial was requested.

 In light of our disposition of appellant's second ground of error, the coins would have been admissible if the State had established a proper predicate. However, any possible error in the prosecutor's conduct was cured by prompt rulings by the court and its instruction to the jury. See, e. g., McNeal v. State, Tex.Cr.App., 499 S.W.2d 173; Mistrot v. State, Tex.Cr. App., 471 S.W.2d 831.

Appellant's sixth ground of error is overruled.

Appellant's remaining grounds of error have been reviewed and found to be without merit.

The judgment is affirmed.

Opinion approved by the Court.