**Teodoro Gonzalez GONZALEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-81-042-CR.**
**(2029cr).**

Court of Appeals of Texas, Corpus Christi.

May 27, 1982.

Gregory Keith Zaney, San Antonio, for appellant.

Robert Salinas, Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C. J., and BISSETT and YOUNG, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for burglary of a habitation.[1] The trial was before a jury. Punishment was assessed by the trial court at confinement for fifteen years and one day in the Texas Department of Corrections.

◼ The sufficiency of the evidence to sustain the conviction is challenged. In such cases, we review the evidence in the light most favorable to the verdict. *Morrison v. State*, 608 S.W.2d 233, 235 (Tex.Cr. App.1980); *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Cr.App.1976).

On March 17, 1979, between the hours of 7:00 p. m. and 9:00 p. m., the home of Judge Joe A. Cisneros was burglarized. Taken from the home were a rifle, five shotguns, a .22 caliber pistol, several boxes of ammunition, a stero set and a ring. Officer John Tara searched the area around the home and found the stolen property, except for the pistol, hidden under a cotton trailer approximately 125 yards from the Cisneros home. Officer Tara set up a surveillance of the trailer at approximately 10:00 p. m. Within an hour and one-half later, the appellant arrived carrying Judge Cisneros' .22 caliber pistol. The appellant was arrested. According to Officer Tara, the shoes worn by the appellant matched or were similar to the tracks found at the Cisneros home.

Judge Cisneros identified the pistol found in the appellant's possession and the property under the cotton trailer as the property taken from his home. He testified that he did not give the appellant permission to enter his home.

The appellant's court-appointed attorney raises two grounds of error in this appeal.

1. Tex.Penal Code Ann. § 30.02(a) (Vernon     1974).

Both grounds contend that the evidence is insufficient to prove each and every element of burglary beyond a reasonable doubt. We disagree.

■ The appellant's unexplained possession of the .22 caliber pistol taken from Judge Cisneros' home within a few hours of the commission of the offense is sufficient evidence to sustain the conviction. *Williams v. State*, 621 S.W.2d 613, 614 (Tex.Cr. App.1981); *Ward v. State*, 581 S.W.2d 164, 168 (Tex.Cr.App.1979) (Opinion on Rehearing); *Pulido v. State*, 503 S.W.2d 578, 580 (Tex.Cr.App.1974). In addition, the appellant was apprehended while apparently attempting to retrieve the fruits of the burglary near the scene of the crime. The shoes he wore matched the tracks found at the Cisneros home. We hold that all of this evidence is sufficient to sustain the conviction. The grounds of error raised by the appellant are overruled.

In a later filed pro se brief, the appellant raises three additional grounds of error in which he contends that the indictment and court's charge are fundamentally defective. We have examined these instruments (the indictment and the charge) and conclude that the appellant's pro se grounds of error are without merit.

The judgment of the trial court is affirmed.