Tomas CABELLO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–008–CR.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1983.

Donald B. Dailey, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of burglary of a building. The jury which convicted the appellant also found that he had two prior felony convictions, which finding resulted in a sentence of life imprisonment.

We are confronted with a total of eight grounds of error: six raised by appellate counsel, and two brought by the appellant pro se.

Appellant, in a pro se brief, claims the evidence is insufficient to establish that he in fact committed the burglary in question. During the early morning hours of September 10, 1980, Robstown, Texas, police officers Noe Garza and Eddie Mejia were on routine patrol in a marked police vehicle when they observed a car with its trunk open going the opposite direction accelerate sharply as it passed them. They responded by turning around and pursuing the automobile. After a short chase, the suspect vehicle's driver, the sole occupant of the automobile, stopped his vehicle and fled on foot. Garza gave immediate chase, while Mejia reported their activity to the police dispatcher and then followed. The suspect jumped a fence and eluded the officers, but only after they had managed to view his face, illuminated by the headlights and spotlights on the police car. Although the officers gave somewhat conflicting testimony concerning the sequence of events, both identified the appellant, that night and later in court, as the suspect they chased from the automobile. Ownership of the automobile was established to be in Frank Cabello, Sr., the appellant's father. Property which was found in the suspect's automobile was positively identified as having been stolen that evening from a Robstown welding shop owned by David Yepez.

In a circumstantial evidence case, such as this one, we must view the evidence in the light of the presumption that the accused is innocent. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983). The circumstances shown must not only be consistent with the guilt of the accused, but also exclude every other reasonable hypothesis. *Moore v. State,* 640 S.W.2d 300 (Tex.Cr. App.1982); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969). It is well established that unexplained, personal possession of recently stolen property is alone sufficient to support a conviction for the burglary in which the property was stolen. *Thompson v. State,* 615 S.W.2d 760 (Tex.Cr. App.1981); *Pulido v. State,* 503 S.W.2d 578 (Tex.Cr.App.1974). This case falls squarely into that catagory. We need not consider the hypotheses posed in appellant's pro se brief because they were not raised by the evidence. This ground of error is overruled.

The second ground of error raised by appellant pro se is that the evidence used to enhance appellant's punishment under Tex.Penal Code Ann. § 12.42 (Vernon 1974) was insufficient to prove that the second previous felony conviction was for an offense that occurred after the first previous conviction became final. Appellant's reliance on *Williams v. State,* 596 S.W.2d 903 (Tex.Cr.App.1980) is misplaced. In that case, there was nothing in the record to show when the second previous felony offense was committed. In the case at bar, the record shows that appellant was convicted of the offense of burglary in cause number 13618 on December 4, 1969, in the 105th District Court of Nueces County. The record further shows that appellant was convicted of burglary of a vehicle on July 27, 1978, in cause number 78–CR–236E in the 148th District Court of Nueces County. The judgment and sentence in that cause reflect that the offense was committed on March 16, 1978. This evidence shows that the second previous felony conviction used to enhance occurred after the first offense was final. *Von Burleson v. State,* 505 S.W.2d 553 (Tex.Cr.App.1974). Proof of the time of commission of the offense by recitals of the pertinent judgment is sufficient to support the finding that the second felony occurred after the first previous felony was final. *Espinosa v. State,* 463 S.W.2d 8 (Tex.Cr.App.1971). Appellant's second pro se ground of error is overruled.

The first ground of error presented by appellant's counsel asserts a denial of due process in the trial court's admission of the in-court identification of appellant by Officer Mejia. The sole basis for this claim is that the in-court identification was tainted by an earlier photographic lineup which was impermissibly suggestive because it contained only photos of appellant and his two brothers. Reversible error of this nature is shown only if the identification procedure was so suggestive as to give rise to a very substantial likelihood of irreparable misidentification at trial. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Suggestive identification procedures alone will not preclude an in-court identification if it is shown that the witness' opportunity and ability to observe the accused at the time of the offense provides an independent measure of reliability of the identification testimony. See *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). There are several critical factors to be analyzed: 1) opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) accuracy of the witness' prior description of the criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5) the length of time between the crime and the confrontation. See: *Neil v. Biggers, supra.* Here, Officer Mejia admittedly had a very brief opportunity to observe the suspect under less than ideal conditions. However, Officer Mejia made his observations as a trained and experienced police officer. He was previously familiar with the appellant and his family. He never gave a description inconsistent with the appearance of the appellant, and he never incorrectly identified another as the suspect. Officer Mejia viewed the appellant's photograph less than 24 hours after he saw the suspect, and the in-court identification came less than six months later. In light of the totality of the circumstances, we are satisfied that the officer's in-court identification of the appellant was based upon his observation of the appellant at the time of the offense, rather than upon the results of an impermissibly suggestive pretrial identification procedure. Even if the admission of Mejia's identification testimony could be considered error, it was harmless, in light of the unimpeached and uncomplained of identification of the appellant by Officer Garza. *Williams v. State,* 477 S.W.2d 885 (Tex.Cr.App.1972).

Next, it is urged that the trial court erred in denying appellant's motion for continuance on account of the absence of material witnesses. A continuance may be granted for as long as is necessary, upon a written motion of either the State or the defendant, where sufficient cause is shown.

Tex.Code Crim.Pro.Ann. art. 29.03 (Vernon Supp.1982). The motion must state, inter alia, the diligence employed to procure the witnesses' attendance and the material facts expected to be proved by the witnesses' testimony. Tex.Code Crim.Pro.Ann. art. 29.06 (1966).

■ Appellant's motion failed to demonstrate diligence. Appellant's motion for continuance did not come until the third day of the trial. There was no allegation or showing of an effort to subpoena the witnesses at any time. In view of the fact that the appellant was indicted on September 26, 1980, and appellant's counsel made his appearance in early January, 1981, there was clearly time to identify and seek out the witnesses in question. Under the circumstances, the trial court's denial of appellant's motion for continuance was not an abuse of discretion. *Kemner v. State,* 589 S.W.2d 403 (Tex.Cr.App.1979); *Kelly v. State,* 471 S.W.2d 65 (Tex.Cr.App.1971).

■ With regard to two of the witnesses sought, appellant's motion fails to set out the material facts to be shown by their testimony. The motion asserts that these two witnesses are "of vital importance in the identification phase" of the trial. This description of the witness' expected testimony was insufficient. See *Moore v. State,* 504 S.W.2d 904, 905 (Tex.Cr.App.1974); *Palasota v. State,* 460 S.W.2d 137 (Tex.Cr.App. 1970). The third witness was allegedly sought to give testimony as to the appellant's appearance and clothing on the date in question. Such testimony would, at best, be merely cumulative of the testimony of three other witnesses, who testified to the same on appellant's behalf. In light of all of these factors, the denial of the continuance was not reversible error. See *Long v. State,* 155 Tex.Cr.R. 430, 236 S.W.2d 135 (1951).

■ Next, appellant complains of the admission at the punishment stage of the trial of certain documentary evidence which allegedly contained an impermissible reference to an extraneous offense. At the punishment hearing, the State introduced records of five previous convictions of the appellant through three separate exhibits. Appellant's counsel objected to the second exhibit on the grounds that there were references to extraneous offenses contained in a motion and order revoking probation in a case arising out of Dallas County. The State acquiesced in the exclusion of the motion to revoke probation and agreed to delete all references to extraneous offenses from the order revoking appellant's probation. At the time of the in-court objection, appellant's counsel specifically agreed that his objection was satisfied. Because the appellant received the relief he requested, no error is presented. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979); *Hopkins v. State,* 480 S.W.2d 212 (Tex.Cr.App.1972). Even assuming there was erroneous evidence received, such error could not have harmed the appellant. The proof of the allegations in the enhancement paragraphs of the indictment was not based upon any of the material objected to at trial or here on appeal. The jury's answer of "true" as to both those paragraphs mandated a life sentence. Tex.Penal Code Ann. § 12.42 (Vernon 1974).

Finally, appellant insists that his conviction is void due to ineffective assistance of counsel. In support of these grounds, the appellant alleges three instances of failure to object on the part of his trial attorney to allegedly improper questions and argument of the prosecutor. The first instance cited is cross-examination of one of appellant's alibi witnesses which established that appellant was not employed on the date of the offense. The second instance occurred during cross-examination of the appellant's mother who, on direct examination, had testified that the appellant lived and worked in Corpus Christi. The prosecutor elicited from appellant's mother the statement that her son did "clean-up work in a bar." Third, the prosecutor used the answers obtained from these witnesses in his final argument to derogate the appellant as unemployed and characterize him as one who would lie to his own mother.

The cross-examination was proper. The argument was a permissible inference from the evidence. The fact that appellant's counsel did not object to these matters does not render him ineffective. There is a constitutional right to reasonably effective assistance at trial. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980); *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App.1979). The effectiveness of counsel's services must be judged by the totality of the representation. *Boles v. State,* 598 S.W.2d 274 (Tex. Cr.App.1980); *Cude v. State, supra.* Under this standard, isolated instances of counsel's failure to object to the admission of improper evidence at trial is not sufficient to constitute ineffective representation. *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977); *Long v. State,* 502 S.W.2d 139 (Tex.Cr.App. 1973). Considering the entire record, we find that appellant was well represented by his attorney. No error is found.

We have considered all of appellant's points of error. They are overruled. The judgment of the trial court is affirmed.