NUMBER 13-01-014-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

TEXAS DEPARTMENT OF PUBLIC SAFETY,                             Appellant,

 

                                                   v.

 

ANGEL L. CLAUDIO,                                                              Appellee.

 



 

                        On appeal from the 275th District Court

                                  of Hidalgo County, Texas.

 



 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Yañez, and Rodriguez

                                  Opinion by
Justice Dorsey

 








The Texas Department of Public Safety appeals the order of
expunction by the 275th Judicial District Court of Hidalgo County on the
grounds that: 1) the appellee produced no evidence to prove that he had not
been convicted of a felony in the five years preceding his arrest; and 2) the
trial court failed to file findings of fact and conclusions of law after timely
requested.

                                                   Background

Appellee, Angel L. Claudio, was arrested on April 2, 1993, for
indecency with a child and was indicted for this offense on August 1,
1996.  The 275th Judicial District Court
dismissed the indictment on May 14, 1997, and appellee was not later
re-indicted.  Appellee then filed a
petition for expunction of his prior arrest and indictment records that was
granted on October 5, 2000.  That
expunction order is the subject of this appeal.

                                                   Jurisdiction








First, appellee argues that this Court is without jurisdiction
over this appeal because the appellant's brief was not timely filed.  Appellant's filing of a request for findings
of fact and conclusions of law allotted appellant ninety days to file his notice
of appeal.  See Tex. R. App. P. 26.1(a)(4).  Therefore,
since the order was signed on October 5, 2000, appellant's notice of appeal was
due on or before January 3, 2001.           The Texas Rules of Appellate Procedure
allow timely filing by mail.  See Tex. R. App. P. 9.2(b)(1)(A-C).  A document
is considered timely filed if:  A) it was
sent to the proper clerk of by the United States Postal Service first-class,
express, registered, or certified mail; B) it was placed in an envelope
properly addressed and stamped; and C) it was deposited in the mail on or
before the last day for filing.  Id.  Therefore, although appellant's notice of
appeal was file-marked on January 5, 2001, appellant provided  a receipt for certified mail showing
the notice was mailed on December 27, 2000. 
See Tex. R. App. P.
9.2(b)(2). The notice was timely mailed and filed
pursuant to Tex. R. App. P. 9.2(b)(1)(A-C).   We have
jurisdiction.

                Failure of Appellee to Present
Testimonial Evidence

Appellant argues that the trial court should not have granted
the petition for expunction because appellee failed to submit evidence meeting
the requisites for the right to expunction, i.e. that he had not been convicted
of a felony during the five years preceding the April 1, 1993, arrest. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C)
(Vernon Supp. 2002).

The parties appeared before the court on August 14, 2000, and
the court requested that the parties submit briefs supporting their
arguments.  The trial court made its
ruling on August 21, 2000, without entry of a final order.  

The court held another hearing on October 5, 2000, after
appellant filed a motion for rehearing. 
The court granted appellee's request to take judicial notice of all the
documents in the court's file in ruling on the petition for expunction and
signed the order granting appellee's petition for expunction on October 5,
2000.  Appellant now challenges this
order on grounds that it was not based on sufficient evidence.








In reviewing a sufficiency of evidence challenge, we must
review the evidence  in
the light most favorable to the verdict. 
Morrison v. State, 608 S.W.2d 233, 235 (Tex. Crim. App. 1980); Clark
v. State, 543 S.W.2d 125, 127 (Tex. Crim. App.1976); Gonzalez v. State,
636 S.W.2d 14 (Tex. App.BCorpus Christi 1982).  In this case, the trial court took judicial
notice of the documents in the court's file, including appellee's petition and
sworn affidavit that stated that he had not been convicted of a felony within
the five years preceding the April 1993 arrest. 
Therefore, we hold that the evidence taken into consideration by the
trial court was sufficient to meet the elements necessary for granting the  petition for
expunction.  

   Failure of Court to File Findings of Fact and
Conclusions of Law   

Appellant alleges that the trial court's failure to file timely
requested finding of facts and conclusions of law is reversible error.  However, the failure of the trial court to
file findings of fact and conclusions of law in this cause is immaterial and
not reversible error.  The trial court's
failure to file the findings of fact and conclusions of law did not prevent the
appellant from properly presenting his case to this Court.  See Tex.
R. App. P. 44.4(a)(1).  Therefore, the court's failure to file its
findings of facts and conclusions of law does not render its decision
reversible.  See id. 

                                                    Conclusion








We hold that appellant's notice of appeal was timely filed with
this Court, and that the evidence before the trial court was sufficient to
grant the petition for expunction.  We
further hold that the trial court's failure to file findings of fact and
conclusions of law was not harmful to the appellant's presentation of its
appeal to this Court.  Therefore, the
Court's inaction does not amount to reversible error.           

The order of expungement is hereby AFFIRMED.  

 

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 27th day of June,
2002.